

**Entered on Docket**
**April 08, 2011**

_____
**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: ) <br> ) <br> TIMOTHY L. BLIXSETH, ) <br> ) <br> Alleged Debtor. ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: BK-S-11-15010-BAM <br><br> Chapter 7 <br><br> Date:       April 22, 2011 <br> Time:       1:00 p.m. <br> Courtroom:  3 |

**ORDER TO SHOW CAUSE WHY VENUE IN THIS DISTRICT IS PROPER AND WHY TRANSFER OF CASE IS NOT APPROPRIATE**

The Montana Department of Revenue, the Idaho State Tax Commission, and the California Franchise Tax Board (*"Petitioning Creditors"*) filed an involuntary petition against Mr. Timothy L. Blixseth ("*Blixseth*") on April 5, 2011. In the involuntary petition, the Petitioning Creditors assert that venue in the United States Bankruptcy Court, District of Nevada is appropriate. However, both the street address and mailing address of Blixseth are listed as Medina, Washington. Therefore, the Petitioning Creditors shall be required to show cause why venue in this district is proper and why transfer of this case to another district is not appropriate.

**Improper Venue and Bankruptcy Rule 1014(a)(2)**

The proper venue for a case under the Bankruptcy Code is the judicial district in which the debtor has had her "domicile, residence, principal place of business in the United States, or principal assets in the United States . . . for the one hundred and eighty days immediately preceding such commencement . . . ." 28 U.S.C. § 1408.  If any one of the four tests is satisfied, venue will be

proper, and it is entirely possible that venue may be proper in more than one district. *See Broady v. Harvey* (*In re Broady*), 247 B.R. 470, 472 (B.A.P. 8th Cir. 2000). If the debtor has had her domicile, residence, principal place of business, or principal assets in more than one judicial district within the previous one hundred and eighty days, then venue is proper in the district in which the longest amount of time was spent. *Id.* Furthermore, if a case of an "affiliate, general partner, or partnership" of the debtor is pending in the district, then venue for that individual will similarly be proper in that district. *Id.*

Because of the paucity of the connection between Blixseth and the Petitioning Creditors' selected venue, the court is concerned that venue in this district may not be proper. When a bankruptcy petition is filed "in an improper district, the court, . . . on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case . . . ." Fed. R. Bankr. P. 1014(a)(2). In order for the present involuntary bankruptcy case to have been properly filed in this district, sufficient to satisfy Bankruptcy Rule 1014, venue with this court must be proper. Therefore, the court will require that the Petitioning Creditors present admissible evidence sufficient to support a finding that venue in this district complies with the requirements of 28 U.S.C. § 1408. If such evidence is not forthcoming by the hearing on this order to show cause, the court will be left with no conclusion but that venue is not proper and will dismiss or transfer the case as required by Bankruptcy Rule 1014(a)(2).

**Transfer of Bankruptcy Case and Bankruptcy Rule 1014(a)(1)**

Even if a "petition is filed in the proper district, the court, . . . on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court" has discretion to "transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties." Fed. R. Bankr. P. 1014(a)(1). The factors traditionally considered under a totality of the circumstances approach to determine whether transfer is required are: "(1) proximity of creditors to Court; (2) proximity of debtor to Court; (3)

proximity of witnesses necessary to administration of estate; (4) location of assets; (5) economic and efficient administration of case; (6) need for further administration if liquidation ensues." *In re Donald*, 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005) (citing *Puerto Rico v. Commonwealth Oil Ref. Co.* (*In re Commonwealth Oil Ref. Co.*), 596 F.2d 1239, 1247 (5th Cir. 1979)).

While the Petitioning Creditors failed to list any previous bankruptcy cases of Blixseth or his affiliates, the court is aware that Blixseth is affiliated to varying degrees with a number of entities that have bankruptcy cases and adversary proceedings pending in the United States Bankruptcy Court, District of Montana. Given the experience that the Montana Bankruptcy Court has with these matters, this court is concerned that transfer of this case to that court may be in the interest of justice, more convenient for the parties, or both. Therefore, the court will require that the Petitioning Creditors present admissible evidence sufficient to support a finding that transfer of this case is not appropriate under Bankruptcy Rule 1014(a)(1). If such evidence is not forthcoming by the hearing on this order to show cause and if the above factors for transfer of the case are satisfied, the court will be left with no conclusion but that transfer of this case is required by Bankruptcy Rule 1014(a)(1).

**Conclusion**

As discussed above, the United States Bankruptcy Court, District of Nevada may be an improper venue for this involuntary bankruptcy case. Additionally, even if venue in this district is proper, justice and the convenience of the parties may require transfer of this case.

Therefore, the court hereby orders the Petitioning Creditors to appear and show cause why venue with this court is proper. The court further orders the Petitioning Creditors to appear and show cause why this case should not be transferred pursuant to Bankruptcy Rule 1014(a)(1).

The hearing on this order to show cause shall be heard on **April 22, 2011 at 1:00 p.m.**, in the Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada, in Courtroom 3 before Judge Bruce A. Markell.

1       The Petitioning Creditors shall file a response to this order to show cause, such response
2 being due by 5:00 p.m. on April 18, 2011. Any other party in interest, including the United States
3 Trustee, may file a response to the Petitioning Creditor's response or to this order to show cause,
4 such responses being due by 5:00 p.m. on April 20, 2011. The Petitioning Creditors may reply to
5 any document filed, such reply being due by 5:00 p.m. on April 21, 2011.

7 Copies sent to:

8 CM/ECF ELECTRONIC NOTICING

9 BNC MAILING MATRIX

# # #