Rodney M. Jean
NV State Bar No. 1395
Lionel Sawyer & Collins
300 S. 4th St., #1700
Las Vegas, Nevada 89101
(702) 383-8830
(702) 383-8845 (fax)
rjean@lionelsawyer.com

Lynn Hamilton Butler
TX State Bar No. 03527350
BROWN MCCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)
lbutler@brownmccarroll.com

E-filed on April 18, 2011

COUNSEL FOR PETITIONING CREDITORS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| In re: | § | Case No.: BK-S-11-15010-BAM |
|---|---|---|
| TIMOTHY L. BLIXSETH, | § § § | Involuntary Chapter 7 |
| Involuntary Debtor. | § § § § § | Date: April 22, 2011<br>Time: 1:00 p.m.<br>Courtroom: 3 |

**PETITIONING CREDITORS' RESPONSE TO ORDER TO SHOW CAUSE WHY VENUE IN THIS DISTRICT IS PROPER AND WHY TRANSFER OF CASE IS NOT APPROPRIATE**

The Montana Department of Revenue, the Idaho State Tax Commission, and the California Franchise Tax Board ("Petitioning Creditors") respectfully respond to the Court's Order To Show Cause Why Venue In This District Is Proper And Why Transfer Of Case Is Not Appropriate to demonstrate that, under 28 U.S.C. § 1408(1), venue in the District of Nevada is proper in this case, and, in support thereof, would show the following:

## I. Introduction.

1. Venue for Mr. Blixseth's involuntary bankruptcy is appropriate in the United States Bankruptcy Court, District of Nevada, because, as admitted to by Mr. Blixseth in sworn testimony, Nevada is the location of Mr. Blixseth's principal assets in the United States.

## II. Procedural History.

2. On April 5, 2011, the Montana Department of Revenue, the Idaho State Tax Commission, and the California Franchise Tax Board filed an involuntary Chapter 7 petition against Mr. Blixseth in the United States Bankruptcy Court for the District of Nevada. The basis for the California Franchise Tax Board's eligibility as a petitioning creditor is an undisputed state tax liability as evidenced by the Declaration Of Shawn Murrell, in the amount of $987,619.81. The basis for the Idaho State Tax Commission's eligibility as a petitioning creditor is an undisputed state tax liability in the amount of $1,117,914.00. The basis for the Montana Department of Revenue's eligibility as a petitioning creditor is an undisputed state tax liability in the amount of $216,657.00. The above Petitioning Creditors have been unable to successfully collect their claims against Mr. Blixseth using their state law collection mechanisms, mainly due to the transfer of all of Mr. Blixseth's investment assets to Mr. Blixseth's Nevada companies. Their inability to collect against in-state assets motivated the current involuntary bankruptcy filing.

## III. The District of Nevada is a proper venue for this involuntary petition.

3. As the Court sets out in its Order, venue for a bankruptcy case is proper in the district in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding commencement of the case. 28 U.S.C. § 1408(1). Additionally, as the Court also states, "it is entirely possible that venue may be proper in more than one district." *Broady v. Harvey (In re Broady)*, 247 B.R. 470, 472 (B.A.P. 8th Cir. 2000). Based on Mr. Blixseth's street address and mailing address, it would facially appear that, under 28 U.S.C. § 1408(1), the Western District of Washington may be one

proper venue to hear this matter, as Mr. Blixseth's "domicile" or "residence."[1] According to *Broady*, though, this does not preclude the possibility that the District of Nevada may also be a proper venue to hear this matter under § 1408(1).

4.  The remaining proper venues, if any, are determined by the location(s) of Mr. Blixseth's "principal place of business in the United States," or "principal assets in the United States." To support the determination that the District of Nevada is a proper venue to hear the matter, the Petitioning Creditors considered facts regarding the location of Mr. Blixseth's principal assets in the United States, which were obtained through the following sources:

a.  Review of a LexisNexis nationwide public records search;

b.  Mr. Blixseth's attorney's sworn deposition testimony;

c.  Mr. Blixseth's court filings, including Mr. Blixseth's proofs of claim filed in the District of Montana Bankruptcy Court;

d.  The District of Montana Bankruptcy Court decision *Blixseth v. Kirschner (In re Yellowstone Mt. Club, L.L.C.)*, 436 B.R. 598, 632-633 and 663-664 (Bankr. D. Mont. 2010);

e.  Desert Ranch, L.L.L.P. filings with the Nevada Secretary of State;

f.  Desert Ranch Management, L.L.C. filings with the Nevada Secretary of State;

g.  Property records for Mr. Blixseth's Washington residence;

h.  Kawish, L.L.C. filings with the Washington Secretary of State; and

i.  Public records evidencing Mr. Blixseth's liabilities to the Petitioning Creditors.

5.  As a result of a thorough review of the above sources, the Petitioning Creditors determined that Mr. Blixseth had transferred most of his assets out of his personal name and into two Nevada corporate entities. See Declaration Of Kim Davis attached hereto as **Exhibit 1**. As such, the principal assets currently held by Mr. Blixseth personally are: (1) his 98% limited partnership interest in Desert Ranch, L.L.L.P., a Nevada limited liability limited partnership, and

---

[1] The Petitioning Creditors do not take a position regarding this issue at this time as to whether Mr. Blixseth resided at the Washington state address on the petition date.

(2) his 40% interest in Desert Ranch Management, L.L.C., a Nevada limited liability company.[2] Desert Ranch Management, L.L.C., is the general partner to and owns the remaining 2% of Desert Ranch, L.L.L.P. As detailed by Judge Kirscher in his opinion in *Blixseth v. Kirschner*:

> Desert Ranch LLLP ("Desert Ranch") is a Nevada limited liability limited partnership. Blixseth owns a 98% limited partnership interest in Desert Ranch. The remaining 2% is held by the general partner of Desert Ranch, Desert Ranch Management, which is a Nevada limited liability company. Blixseth owns 40% of Desert Ranch Management and his son, Beau Blixseth, owns 30% of this entity. The remaining 30% of Desert Ranch Management is owned by two trusts. Blixseth's long-time [**176] accountant and trusted advisor, Mack, serves as Trustee of the trusts. As admitted by his own lawyer, one of the purposes of this structure is to remove assets from the reach of creditors. Virtually all of Blixseth's assets were transferred into this vehicle. Interestingly, Desert Ranch LP was converted to Desert Ranch LLLP on November 12, 2009; a mere two days after the Debtors filed bankruptcy.

*Blixseth v. Kirschner (In re Yellowstone Mt. Club, L.L.C.)*, 436 B.R. 598, 663-664 (Bankr. D. Mont. 2010).

See also *Blixseth v. Kirschner (In re Yellowstone Mt. Club, L.L.C.)*, 436 B.R. 598, 632-633 (Bankr. D. Mont. 2010); see also transcript of trial testimony by David Thornton in *Blixseth v. Kirschner*, U.S. Bankruptcy Court, District of Montana, Case No. 09-00014, ECF Docket No. 566, pp. 195-203, attached hereto as **Exhibit 2**. Both Desert Ranch, L.L.L.P. and Desert Ranch Management, L.L.C. are Nevada corporate entities, with their respective registered agents in Nevada. *See* Nevada Secretary of State Entity Details, attached hereto as **Exhibit 3 and Exhibit 4**. Mr. Blixseth is listed as manager of Desert Ranch Management, L.L.C. at a Nevada address. After their review of the available data and the discovery of the above Nevada assets, the Petitioning Creditors were unable to locate and verify any additional principal assets in Mr. Blixseth's name anywhere else in the United States. Accordingly, the District of Nevada, as the

---

[2] Mr. Blixseth's ownership percentages are current as of February 25, 2010, the date Mr. Blixseth's attorney – John Thornton – testified to those percentages in the trial of *Timothy L. Blixseth v. Marc S. Kirschner, Trustee*, Adversary No. 09-00014, U. S. Bankruptcy Court, District of Montana. See **Exhibit 2**, Thornton Testimony, page 466, line 12 to page 468, line 10.

4

1  location of the entities that comprise Mr. Blixseth's principal assets, is an appropriate venue to
2  hear this matter under 28 U.S.C. § 1408(1).

### IV. Transfer of venue to the District of Montana or the Western District of Washington is not necessary in the interest of justice or for the convenience of the parties.

6.  Notwithstanding that venue in the District of Nevada is proper, Rule 1014(1)(a), Fed.R.Bankr.P., allows the Court to "transfer the case to any other district court if the court determines that the transfer is in the interest of justice or for the convenience of the parties." As the Court points out, "The analysis of any combination of 'interest of justice' and 'convenience of parties' under § 1412 is inherently factual and necessarily entails the exercise of discretion based on the totality of the circumstances, which may include considerations regarding witnesses and the presentation of evidence." *In re Donald*, 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005). In *In re Donald*, the 9th Circuit B.A.P. enumerated a list of non-exclusive factors to be considered as part of the balancing of due process concerns (assuring appropriate access to the court for all parties in interest) against the economic and efficient administration of the case. The six so-called *Donald* factors are:

a.  The proximity of creditors to the Court;
b.  The proximity of the bankruptcy Debtor to the Court;
c.  The proximity of witnesses necessary to the administration of the bankruptcy estate;
d.  The location of assets;
e.  Economic and efficient administration of the case; and
f.  The need for further administration if liquidation ensues.

*In re Donald*, 328 B.R., at 204.

A.  *The proximity of creditors to the Court.*

7.  The Petitioning Creditors are all western States, with Montana being the only State where proper venue is a possibility.[3] However, the only Montana assets that the Petitioning

---

[3] The Petitioning Creditors could find no basis to establish venue in California or Idaho.

Creditors could locate are two creditor claims filed by Mr. Blixseth in Montana bankruptcies. See *In re Yellowstone Mt. Club, L.L.C.*, U.S. Bankruptcy Court, District of Montana, Case No. 08-61570, Claims Docket No. 714-1 (objected to at Docket Nos. 1413 and 1432), attached hereto as **Exhibit 5**, and *In re BLX Group, Inc.*, U.S. Bankruptcy Court, District of Montana, Case No. 09-61893, Claims Docket No. 14-1, attached hereto as **Exhibit 6**. It is unclear at this time whether these claims truly qualify as "assets" of Mr. Blixseth with situs in Montana such that venue in Montana would be proper under 28 U.S.C. § 1408(1).[4]

8. Given the remaining appropriate venues from which to choose (Western District of Washington or Nevada), the Petitioning Creditors chose the District of Nevada, the situs of Mr. Blixseth's principal assets. The proximity of the Petitioning Creditors to the Court would be largely unaffected by transferring venue to the Western District of Washington.

B. *The proximity of the Bankruptcy Debtor to the Court.*

9. As the Court states, Mr. Blixseth's street address and mailing address are listed in Medina, Washington. However, Mr. Blixseth does not own the real estate upon which his address sits. Rather, the Washington entity Kawish, L.L.C. owns the property. See King County Department of Assessments Search, attached hereto as **Exhibit 7**. Kawish, L.L.C.'s manager is Mr. Blixseth, and its sole listed member is Desert Ranch, L.L.L.P. See Washington Secretary of State's Registration Data Search, attached hereto as **Exhibit 8**. The Petitioning Creditors are unaware of whether Mr. Blixseth lived at the Medina, Washington location on the date of filing. That location, though, appears on Mr. Blixseth's filed tax returns through 2009. Assuming the Washington address satisfies the venue requirement of "residence" or "domicile," venue in the Western District of Washington would benefit also be an appropriate venue choice under 28 U.S.C. § 1408 if Mr. Blixseth still lives there. This is only an alternative to the Petitioning Creditors' choice of venue and, as only one factor, should not be given more weight than any other single factor.

---

[4] Mr. Blixseth does not qualify as an "affiliate" for purposes of 28 U.S.C. § 1408(2). 11 U.S.C. § 101(2).

  C. *The proximity of witnesses necessary to the administration of the bankruptcy estate.*

10. Aside from the witnesses associated with each Petitioning Creditor's claim, who are located in the respective States, it is unclear where additional witnesses associated with Mr. Blixseth's assets and entities may be located. The proximity of witnesses to the Court would be impacted by a transfer of venue, but not in such a fashion as to establish a clear preference between the Western District of Washington and Nevada. Similar to the first factor, the Petitioning Creditors argue that, given two equally appropriate venues with neither being geographically preferential, the Petitioning Creditors' selection should prevail, and that their initial choice of venue should weigh in favor of keeping venue in the District of Nevada.

  D. *The location of assets.*

11. As stated above, it appears that the only valuable assets Mr. Blixseth owns personally are the equity interests in Desert Ranch, L.L.L.P., and Desert Ranch Management, L.L.C., both Nevada entities. The situs of a corporate entity is the state of its incorporation or creation and such state can be a valid venue choice for an individual debtor whose principal asset is that corporation. *In re Canavos*, 108 B.R. 55, 58 (Bankr. E.D. Pa. 1989). As testimony in the Yellowstone Mountain Club bankruptcy[5] elicited, Mr. Blixseth transferred all of his investment assets into these two Nevada entities, including all of the L.L.C. interests and his interest in Western Pacific Timber. Through this involuntary bankruptcy, it would be the value of these equity interests that creditors could look to for repayment of claims. Because these are Nevada entities, the appropriate administration of these assets will be pursuant to Nevada law. Thus, this factor weighs in favor of keeping venue in the District of Nevada.

  E. *Economic and efficient administration of the case.*

12. According to *In re Kona Joint Venture I, Ltd.*, 62 B.R. 169, 172 (Bankr. D. Haw. 1986), "The most important consideration for the court is whether the transfer would promote the economic and efficient administration of the estate." Additionally, the *Kona* Court noted that the

---

[5] *In re Yellowstone Mt. Club, L.L.C.*, U.S. Bankruptcy Court, District of Montana, Case No. 08-61570. See **Exhibit 2**.

1  debtor was party to four separate lawsuits in Hawaii, and found that "[t]he relationship of the
2  Debtor with other pending cases is a factor that must be considered." *Id.*, at 173.

3      13.    Here, it is true that the Montana Bankruptcy Court is familiar with Mr. Blixseth
4  and many of the facts that form the background to this involuntary case. Yet, it is also clear that
5  Mr. Blixseth will resist any attempt to have Montana's sole bankruptcy judge, the Honorable
6  Ralph Kirscher, hear this matter. See Mr. Blixseth's *Amended Motion to Disqualify Bankruptcy*
7  *Judge Kirscher*, *In re Yellowstone Mt. Club, L.L.C.*, Case No. 08-61570, Docket No. 2042,
8  attached hereto as **Exhibit 9**. Mr. Blixseth also filed this same motion in five adversary
9  proceedings pending before Judge Kirscher. See Bankruptcy Adversary Nos. 09-00014, 09-
10 00018, 09-00064, 10-00015, and 10-00088, District of Montana.

11     14.    Given that Judge Kirscher denied Mr. Blixseth's motion (see *Memorandum of*
12 *Decision*, *In re Yellowstone Mt. Club, L.L.C.*, Docket No. 2129, attached hereto as **Exhibit 10**), it
13 is a significant probability that any case now transferred to Judge Kirscher's Court will be met
14 with similar filings and bellicosity. It is difficult to imagine that economic and efficient
15 administration of the case could be served in such an environment any more than in a Nevada
16 bankruptcy court.

17     15.    Further, the issue of whether Mr. Blixseth's claims in the Montana bankruptcies
18 amount to his "principal assets" remains unclear. Finally, the case is already filed in the District
19 of Nevada, and Mr. Blixseth's principal assets are creatures of Nevada state law. It is more
20 efficient and economical to have a bankruptcy court and trustee already familiar with Nevada
21 law administer the bankruptcy. This concept was explained in this District in *In re B.L. of*
22 *Miami, Inc., supra*, where the Court stated, "It makes good sense 'to locate the bankruptcy in a
23 venue where the judge presiding would more likely have active familiarity with the community
24 and the milieu' in which the [debtor] operates. Such a judge 'would be in a much better position
25 to gauge the likelihood of an effective reorganization.'" *In re B.L. of Miami, Inc.*, 294 B.R. at
26 332 (citing *In re Abacus Broad. Corp.*, 154 B.R. 682, 683 (Bankr. W.D. Tex. 1993)). Thus, this
27 factor weighs in favor of keeping venue in the District of Nevada.

28

  *F. The need for further administration if liquidation ensues.*

  16. Because the Petitioning Creditors filed this case as a Chapter 7, it is already a liquidation case. Thus, this factor does not apply in this instance.

  *G. The Donald factors are in favor of keeping venue in Nevada.*

  17. The final consideration is the filing party's choice of venue. As observed by this District, the Petitioning Creditors' choice of forum is entitled to great weight initially. *In re B.L. of Miami, Inc.*, 294 B.R. 325, 328-29 (Bankr. D. Nev. 2003). Thus, given two equally appropriate venues with neither being geographically preferential, the Petitioning Creditor's selection should prevail. This factor weighs in favor of keeping venue in the District of Nevada. The only factor in favor of transferring venue to the Western District of Washington is the location of the presumed domicile of Mr. Blixseth in that district. Otherwise, the factors are in favor of venue remaining in Nevada, or, at least, do not favor another venue. Thus, it is appropriate, and in the interest of justice, that the matter remain in the District of Nevada.

## V. CONCLUSION

  18. The Court observed in its Order, "Because of the paucity of the connection between Blixseth and the Petitioning Creditors' selected venue, the court is concerned that venue in this district may not be proper." *Order to Show Cause Why Venue in this District is Proper and Why Transfer of Case is Not Appropriate*, p. 2. At that time, though, the Court was not aware of Mr. Blixseth's transfer of all of his investment assets into Nevada corporate entities. As detailed above, the Petitioning Creditors' prepetition investigation uncovered no other identifiable assets of Mr. Blixseth's in any other district, except for the Montana bankruptcy claims. In that it appears that the Nevada assets are the principal assets that the creditors of Mr. Blixseth can look to for repayment, the District of Nevada is the appropriate choice for the bankruptcy filing.

  19. The Petitioning Creditors recognize that the District of Nevada is not the sole proper venue for this matter, but believe it is a preferable venue to the Western District of Washington for the reasons stated above. Therefore, the Petitioning Creditors respectfully

9

1  request that the Honorable Court issue an Order upholding the chosen venue for this Chapter 7
2  involuntary petition, and for any such further relief the Honorable Court deems necessary.
3      Respectfully submitted this 18th day of April, 2011.

/s/ Lynn Hamilton Butler
LYNN HAMILTON BUTLER
BROWN MCCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Phone: (512) 479-1141
Email: lbutler@mailbmc.com
Texas Bar No. 03527350
COUNSEL FOR THE PETITIONING CREDITORS

/s/ Keith A. Jones
KEITH A. JONES
Special Assistant Attorney General
MONTANA DEPARTMENT OF REVENUE
Legal Services Office
125 North Roberts Street
P. O. Box 7701
Helena, MT 59604-7701
Phone: (406) 444-5884
Email: kjones@mt.gov

COUNSEL FOR MONTANA DEPARTMENT OF REVENUE

and

/s/ Rodney Jean
RODNEY JEAN
LIONEL SAWYER & COLLINS
300 S. 4th Street, #1700
Las Vegas, NV 89101
(702) 383-8888
Email: rjean@lionelsawyer.com

LOCAL COUNSEL FOR PETITIONING CREDITORS