BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com

CHARLES D. AXELROD, ESQ.
California Bar No. 39507
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828
*Counsel for Timothy L. Blixseth*

Electronically Filed June 1, 2011

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

TIMOTHY L. BLIXSETH,

Alleged Debtor.

Case No. BK-S-11-15010-BAM

Chapter 7 (Involuntary)

**TIMOTHY L. BLIXSETH'S RESPONSE TO MDOR'S OBJECTION TO SCHEDULING ORDER**

Alleged Debtor Timothy L. Blixseth ("Mr. Blixseth") replies and responds to MDOR's Objection to Scheduling Order (the "Objection") [Docket # 130]. MDOR's assertions lack merit.

MDOR first complains that that Mr. Blixseth violated LR 9021. MDOR erroneously claims that Mr. Blixseth violated the local rule when his counsel uploaded the document entitled Scheduling Order and Continued Hearing Date (the "Scheduling Order") [Docket # 123] "less than five business days after transmission of a draft order to MDOR." MDOR's reasoning is faulty based on its misreading of the governing rule.

VG1 87731v1 06/01/11              1

1   The facts and timeline of the uploading of the Scheduling Order are described in the Declaration of Gordon Goolsby in Reply to MDOR's Objection to Form of Order Dismissing Petition and MDOR's Objection to Scheduling Order, which was previously filed with the Court ("Goolsby Declaration") [Docket # 131] and therefore is not repeated here.  For purposes of this reply, the Court should note that MDOR failed to cite LR 9021 in its objection.  LR 9021(b)(2) provides that "unless the court orders otherwise, parties will have three (3) business days from receiving proposed orders to communicate their approval or disapproval to the transmitting counsel."  The references to five business day deadlines in LR 9021(b)(2)(A) and (B) set the deadlines for parties disapproving of orders to serve and file objections and for responses to be filed to those objections, respectively.  MDOR's counsel had three business days to communicate disapproval of Mr. Blixseth's proposed Scheduling Order, but failed to do so.  See Goolsby Declaration.[1]  Mr. Blixseth and his counsel fully complied with LR 9021.

MDOR next complains about the proposed expert disclosure deadlines, glibly asserting that MDOR would need "clairvoyance" to prepare expert reports relating to Mr. Blixseth's damages.  Mr. Blixseth, however, is not seeking actual damages with respect to his motion for judgment pursuant to 11 U.S.C. § 303(i) or his motion for sanctions pursuant to Rule 9011.  Mr. Blixseth is seeking an award of punitive damages against MDOR, but this does not justify a schedule staggering expert disclosures or permitting MDOR's experts to "respond" to Mr. Blixseth's experts.  This court has read the pleadings, and seen and heard the arguments.  As concerns the measurement of punitive damages, this court is well equipped to made such a determination without the need to rely on the advice of experts.

Nor does Mr. Blixseth's request for attorney's fees and costs warrant the expert disclosure schedule proposed by MDOR.  MDOR ignores that it bears the initial burden of proving that Mr. Blixseth's fees and expenses are unreasonable.  See, e.g., In re Southern California Sunbelt Developers, Inc., 608 F.3d 456, 462 (9th Cir. 2010) ("[Section] 303(i)(1) creates a presumption in favor of an award of attorney's fees. 'When an involuntary bankruptcy petition is dismissed, the debtor is presumed to be entitled to reasonable fees and costs.'" (citing In re Maple-Whitworth, Inc., 556 F.3d 742, 746 (9th Cir.

---

[1] Mr. Blixseth does not contend that MDOR's objection was untimely under LR 9021(b)(2)(A).

2009)); <u>Higgins v. Vortex Fishing Systems, Inc.</u>, 379 F.3d 701, 707 (9th Cir. 2004) ("any petitioning creditor in an involuntary case ... should expect to pay the debtor's attorney's fees and costs if the petition is dismissed. Thus, when an involuntary petition is dismissed on some ground other than consent of the parties and the debtor has not waived the right to recovery, an involuntary debtor's motion for attorney's fees and costs under § 303(i)(1) raises a rebuttable presumption that reasonable fees and costs are authorized" (internal citations omitted)); <u>In re Ross</u>, 135 B.R. 230, 238 (Bankr. E.D. Pa. 1991) ("once the debtor demonstrates that the involuntary case was dismissed, the burden shifts to the petitioning creditors to present evidence to disallow an award of fees."). Given MDOR's burden as the party opposing a request for judgment under 11 U.S.C. § 303(i)(1), it cannot legitimately argue that it must be apprised of Mr. Blixseth's experts' opinions prior to submitting its own experts.

      Finally, MDOR objects to proposed language regarding the scope of Mr. Blixseth's deposition. Footnote 1 of the Scheduling Order is reasonable and accurate, particularly given Mr. Blixseth's election to not seek actual damages. The Alleged Debtor reserves all rights to move for a protective order preventing or sharply limiting the scope of any deposition of Mr. Blixseth. MDOR's comment about "inconsistent declarations" – the implications of which are denied – demonstrate exactly why a limitation of the scope of the deposition is necessary. MDOR seeks to deflect focus away from Mr. Blixseth's damages and relitigate issues the Court has already decided or rendered moot.

      MDOR is wrong when it claims that Mr. Blixseth improperly submitted the Scheduling Order, and its other grievances are without merit. The Court has already entered the Scheduling Order, and

///
///
///
///
///
///
///
///

1 Mr. Blixseth respectfully requests that the Court not vacate the Order or otherwise sustain MDOR's
2 "objections."

3   DATED this 1st day of June 2011.

4                                    **FOX ROTHSCHILD LLP**

5   By    *s/Brett Axelrod*
6        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
7       **FOX ROTHSCHILD LLP**
        3800 Howard Hughes Parkway, Suite 500
8       Las Vegas, Nevada  89169
        Telephone:  (702) 262-6899
9       Facsimile:  (702) 597-5503
10      Email: baxelrod@foxrothschild.com

11      CHARLES D. AXELROD, ESQ.
        California Bar No. 39507
12      **FOX ROTHSCHILD LLP**
        1800 Century Park East, Suite 300
13      Los Angeles, California 90067
        Telephone: (310) 598-4150
14      Facsimile: (310) 556-9828
15      Email: caxelrod@foxrothschild.com

16      *Counsel for Timothy L. Blixseth*

*VG1 87731v1 06/01/11*                    4