BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com

CHARLES D. AXELROD, ESQ.
California Bar No. 39507
**FOX ROTHSCHILD LLP**
1800 Century Park East
Suite 300
Los Angeles, California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

*Counsel for Timothy L. Blixseth*

Electronically filed on June 1, 2011

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-11-15010-BAM |
|---|---|
| TIMOTHY L. BLIXSETH, | Chapter 7 (Involuntary) |
| Alleged Debtor. | **ALLEGED DEBTOR TIMOTHY L. BLIXSETH'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AND FOR COSTS, FEES AND PUNITIVE DAMAGES PURSUANT TO 11 U.S.C. § 303(i)**<br><br>Hearing Date: September 1, 2011<br>Hearing Time: 9:30 a.m. |

Alleged Debtor Timothy L. Blixseth ("Mr. Blixseth"), by and through his undersigned counsel, Fox Rothschild LLP, hereby moves the Court pursuant to 11 U.S.C. §§303(i)(1) and (2),

LA1 87713v2 06/01/11                 1

to enter judgment in favor of Mr. Blixseth against Petitioner Montana Department of Revenue ("MDOR") for costs, fees and punitive damages pursuant to 11 U.S.C. §303(i).

More specifically, Mr. Blixseth seeks an award equal to his costs and attorney's fees incurred in defending against the involuntary bankruptcy petition based on the fact that on May 18, 2011, the Court dismissed the petition on grounds other than consent by the parties, and that Mr. Blixseth has not waived his right to recovery under the statute. See Higgins v. Vortex Fishing Sys. Inc., 379 F.3d 701, 705-06 (9th Cir. 2004). Mr. Blixseth will present evidence of his costs and attorney's fees incurred, and the reasonableness of such fees, at the September 1, 2011 hearing and in connection with the submissions he shall make to the Court on August 2, 2011 and August 23, 2011 ("Pre-Hearing Briefing"). As of May 18, 2011, the total amount of attorney's fees Mr. Blixseth had incurred with regards to the involuntary petition was approximately $808,203, plus approximately $6,000 in costs. See, Declaration of Aaron Craig filed concurrently herewith. Mr. Blixseth asks the Court to award him the full amount of his costs and attorney's fees, based on (1) the lack of merits of the involuntary petition; (2) the role of the improper conduct of MDOR; (3) the unreasonableness of the actions taken by MDOR; and (4) MDOR's motivation and objectives behind filing the petition. Id. at 707. For the avoidance of doubt, Mr. Blixseth's motion includes a request for his costs and attorney's fees incurred in connection with bringing this motion and discovery in support thereof. See In re So. Cal. Sunbelt Devel., Inc., 608 F.3d 456, 461 (9th Cir. 2010).

Mr. Blixseth also moves the Court to award punitive damages against MDOR based on MDOR's bad faith, in an amount to be determined at the discretion of the Court sufficient to punish MDOR for its malfeasance and to deter future litigants from repeating its mistakes. Mr. Blixseth will ask the Court to donate any award of punitive damages, or will himself donate any punitive damages he is awarded, to an organization providing legal defense for indigent persons, such as Legal Aid Center of Southern Nevada, the Constitutional Rights Foundation, or Bet Tzedek. Punitive damages are justified because MDOR lacked a good faith basis to believe that the involuntary petition satisfied the requirements of 11 U.S.C. 303(b), and that it possessed a

LA1 87713v2 06/01/11    2

claim against Mr. Blixseth that was not contingent as to liability or the subject of a bona fide dispute as to liability or amount.

MDOR's claim against Mr. Blixseth arose from Mr. Blixseth's filing of his 2004 Montana state tax return, as to which dispute resolution proceedings were and are ongoing before the Montana State Tax Appeal Board. On January 14, 2011, MDOR and Mr. Blixseth entered into a stipulation agreeing that MDOR's audit of Mr. Blixseth's 2002-2006 tax returns was to proceed to the State Tax Appeal Board, provided that Mr. Blixseth filed an appeal with the State Tax Appeal Board on or before thirty calendar days following receipt of an Order from the Office of Dispute Resolution accepting the parties' stipulation, and that otherwise Mr. Blixseth would forfeit his right to appeal or otherwise contest the Department's determination of the tax liabilities for 2002-2006. Within the stipulation, the parties did not purport to treat any issue or component of the 2002-2006 audit as fully resolved, adjudicated, settled or undisputed, nor did the parties agree that any amount certain was owed to MDOR in connection with any issue or component of the audit.

Mr. Blixseth timely filed a Complaint with the State Tax Appeal Board on February 10, 2011. Notwithstanding the stipulation between MDOR and Mr. Blixseth, on April 5, 2011, MDOR brought this involuntary petition, claiming it was owed a sum certain that was not contingent as to liability or the subject of a bona fide dispute as to liability or amount. MDOR was actively considering filing an involuntary bankruptcy petition at least as early as January 2011, including at the time it entered into and signed a stipulation with Mr. Blixseth agreeing to adjudicate the dispute over his 2002-2006 Montana state tax returns before Montana's State Tax Appeal Board.

MDOR did not file the involuntary petition to protect Mr. Blixseth's creditors. Rather, MDOR sought a litigation advantage in its dispute with Mr. Blixseth over not only the alleged sum certain set forth in its petition, but the entire disputed $59 million tax claim that is the subject of the proceedings at the State Tax Appeal Board. This is bad faith. See In re St. Marie Development Corp. of Montana, Inc., 334 B.R. 663, 671 (Bankr. D. Mont. 2005). MDOR

LA1 87713v2 06/01/11                       3

1  sought to use the bankruptcy petition as a substitute for its customary collection procedures.
2  This too is bad faith. See In re Wavelength, Inc., 61 B.R. 614, 619 (B.A.P. 9th Cir. 1986).
3  Bringing an involuntary petition in what is essentially a two-party dispute is also bad faith. See
4  In re Westerleigh Development Corp., 141 B.R. 38, 41 (Bankr. S.D.N.Y. 1992).

5        Moreover, MDOR's conduct in filing the involuntary petition has additional indicia of
6  bad faith. Without limitation, the following are some examples: (1) MDOR used the pretext of a
7  purported $219k undisputed claim to ease its collection of and bypass the litigation before the
8  Montana State Tax Appeal Board of its larger $59 million disputed tax claim; (2) MDOR filed
9  the involuntary bankruptcy petition to take advantage of fraudulent transfer statutes while it was
10 a disputed creditor and before it had a right to seek any payment from Mr. Blixseth; (3) MDOR
11 made an intentionally and materially false allegation on the involuntary petition when it alleged
12 that it was an eligible petitioning creditor and that the claim it set forth on the involuntary
13 petition was not subject to a bona fide dispute; (4) MDOR's auditor assigned to Mr. Blixseth's
14 case acknowledged that the undisputed amount of its claim was $126,257; the claim set forth in
15 MDOR's involuntary bankruptcy petition includes approximately $92,701 in penalties and
16 interest that Mr. Blixseth has a right to dispute under M.C.A. § 15-1-206 and has asked the State
17 Tax Appeal Board to waive, thus making MDOR's allegations in the involuntary petition
18 materially and knowingly false; (5) the apportionment factor for Blixseth Group, Inc. for 2004
19 used by MDOR to calculate the claim it set forth in the involuntary petition was substantially
20 different from what it had is asserting at the State Tax Appeal Board to be the appropriate 2004
21 Blixseth Group, Inc. apportionment factor, again making MDOR's allegations in the involuntary
22 petition materially false; (6) MDOR invoked the Bankruptcy Code to help it collect on its
23 disputed tax claims before it had exhausted its state law remedies and in fact failed to abide by its
24 own laws and regulations in resolving its tax dispute with Mr. Blixseth, thus depriving
25 intentionally Mr. Blixseth of his due process rights; (7) MDOR invoked the Bankruptcy Code to
26 obtain a more favorable remedy against Mr. Blixseth than it would otherwise have been allowed
27 had it become a "judgment creditor" of Mr. Blixseth's; under the Bankruptcy Code, MDOR
28

Fox Rothschild LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169

LA1 87713v2 06/01/11      4

could take advantage of fraudulent transfer statutes whereas if it were to become a judgment creditor than it would be limited to the "exclusive remedy" of a charging order against Mr. Blixseth's interest in Desert Ranch LLLP pursuant to N.R.S. § 88.535; (8) According to Mr. Blixseth, MDOR worked in concert with other hostile parties[1] to Mr. Blixseth for the purpose of having an order for relief entered against Mr. Blixseth so he would lose control of and ability to fund his litigation against MDOR and these hostile parties, thereby placing Mr. Blixseth at a disadvantage in the litigation; (9) According to Mr. Blixseth, MDOR worked in concert with top elected officials of the State of Montana to attempt to put Mr. Blixseth into an involuntary bankruptcy for political purposes.  MDOR's bad faith has been and will be presented in more detail in Mr. Blixseth's notice of motion and motion for sanctions pursuant to Fed. R. Bankr. Proc. 9011 and 11 U.S.C. §1105, which briefing Mr. Blixseth hereby incorporates by reference.

Although Mr. Blixseth believes he has suffered injury and actual damages from MDOR's misconduct, in this proceeding he is electing to not request recovery for his actual damages (though he reserves his right to do so in a future proceeding).  However, as set forth above, pursuant to 11 U.S.C. §303(i)(2)(B), Mr. Blixseth hereby moves the Court to award punitive damages against MDOR for its bad faith filing of the involuntary petition, in an amount the Court determines sufficient to punish MDOR's misconduct and deter future litigants from following MDOR's lead.  See In re So. Cal. Sunbelt Devel., Inc., 608 F.3d at 460.  Mr. Blixseth will ask the Court to donate any award of punitive damages, or will himself donate any punitive damages he is awarded, to an organization providing legal defense for indigent persons.

Mr. Blixseth's motion is and will be brought based upon this motion, the memorandum of points and authorities to be filed August 2, 2011 and declarations and exhibits in support thereof; the declarations and exhibits entered into evidence May 18, 2011; such further declarations, exhibits and argument to be presented by Mr. Blixseth at the hearing scheduled for September 1,

---

[1] The hostile parties include, but are not limited to, Marc S. Kirchner who was the Trustee of the now defunct Yellowstone Club Liquidating Trust, and CrossHarbor Capital Partners LLC.  Mr. Blixseth has on-going bankruptcy and appellate litigation in the U.S. Bankruptcy Court for the District of Montana and if he prevails on this litigation, such success will have significant financial implications for Mr. Kirchner and CrossHarbor.

LA1 87713v2 06/01/11                   5

2011 and in connection with the Pre-Hearing Briefing; the pleadings and papers on file with the Court in this matter; and any oral argument the Court may entertain at the hearing set for the date and time noted above.

If you object or otherwise seek to respond to the Motion, you must file a response to the Motion on or before **August 16, 2011**, in writing, with the United States Bankruptcy Court for the District of Nevada, Foley Federal Building and U.S. Courthouse, 300 Las Vegas Blvd. South, Las Vegas, NV 89101.  At the same time, you must also serve a copy of the response/objection to the Motion upon Mr. Blixseth's Attorneys:

| | |
|---|---|
| Brett Axelrod<br>**Fox Rothschild LLP**<br>3800 Howard Hughes Pkwy. Ste. 500<br>Las Vegas, Nevada  89169 | Charles D. Axelrod<br>**FOX ROTHSCHILD LLP**<br>1800 Century Park East, Ste. 300<br>Los Angeles, California 90067 |

**A HEARING WILL BE HELD COMMENCING ON SEPTEMBER 1, 2011 AT 9:30 A.M.**

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

DATED this 1st day of June, 2011.

> **FOX ROTHSCHILD LLP**
>
> By  */s/ Brett A. Axelrod*
>    BRETT A. AXELROD, ESQ.
>    Nevada Bar No. 5859
>    3800 Howard Hughes Parkway, Suite 500
>    Las Vegas, Nevada 89169
>    Telephone:  (702) 262-6899
>
>    CHARLES D. AXELROD, ESQ.
>    California Bar No. 39507
>    AARON CRAIG, ESQ.
>    California Bar No. 204741
>    **FOX ROTHSCHILD LLP**
>    1800 Century Park East, Ste. 300
>    Los Angeles, California 90067
>    Telephone: (310) 598-4150
>    Facsimile: (310) 556-9828
>    *Counsel for Timothy L. Blixseth*