1 Jenny L. Doling, Esq. (NV #7322)
Summer M. Shaw, Esq. (CA #283598)
2 **DOLING, SHAW & HANOVER, APC**
36-915 Cook Street, Suite 101
3 Palm Desert, CA  92211
(760)341-8837 – Phone
4 (760)341-3022 – Fax
jd@dshapc.com
5 ss@dshpac.com

6 Attorneys for Timothy L. Blixseth
Alleged Debtor
7

Electronically filed on August 29, 2017

8                    **UNITED STATES BANKRUPTCY COURT**

9                           **DISTRICT OF NEVADA**

10 In re                                    | Case No.:  BK-S-11-15010-mkn

11        TIMOTHY L. BLIXSETH,             | Chapter 7 (Involuntary)

12                                          | **SUPPLEMENTAL BRIEF IN SUPPORT OF TIMOTHY BLIXSETH'S MOTION FOR AN ORDER FOR THE YCLT SUCCESSOR TRUSTEE, BRIAN GLASSER, TO APPEAR AND SHOW CAUSE AS TO WHETHER HE HAS PRESERVED ALL EVIDENCE/ DESTROYED EVIDENCE POTENTIALLY RELEVANT TO THE LITIGATION OF THIS MATTER (DKT. #674)**

13                      Alleged Debtor.

14

15

16

17

18                                          | Date:   September 12, 2017
                                           | Time:   2:30 p.m
19                                          | Judge:  Hon. Mike K. Nakagawa

20

21

22        **TO THE HONORABLE MIKE K. NAKAGAWA, UNITED STATES BANKRUPTCY**

23 **JUDGE;  OFFICE  OF  THE  U.S.  TRUSTEE;  PETITIONING  CREDITOR,  STATE  OF**

24 **MONTANA; AND ALL INTERESTED PARTIES:**

25        Timothy L. Blixseth, alleged Debtor ("Mr. Blixseth" or "Alleged Debtor"), in the above

26 entitled matter, by and through his counsel files this supplemental brief in support of his Motion For

27 An Order For The YCLT Successor Trustee, Brian Glasser, To Appear And Show Cause As To

28 Whether He Has Preserved All Evidence/Destroyed Evidence Potentially Relevant To The



1  Litigation Of This Matter [Docket. #674- "Alleged Debtor's Motion" or "Motion"] on the following

2  grounds:

3  **I.    INTRODUCTION.**

4      Alleged Debtor's Motion is based on a simple question of the Petitioning Creditors:

5      **QUESTION:**    Did the YCLT destroy evidence under its care or control?

6      **ANSWER:**    The YCLT never denies the destruction of evidence. Period.

7      Throughout the pages of pleadings filed in this case there is no denial that evidence was

8  destroyed and certainly no answer to that simple question.  In an effort to avoid answering this very

9  simple question, the YCLT first asserts that this Court has no jurisdiction to hear the Motion and

10  that the entire Motion should be dismissed because this Court is divested "of its control over those

11  aspects of the case involved in the appeal" and because this Court no longer "has the power to

12  **modify its judgment** in the case…". (*See specifically* YCLT's Opposition, page 9, lines 21-28).

13  However, the only relief sought in the Motion as to the YCLT is an OSC for the YCLT to appear

14  and show cause as to whether the YCLT Trustee preserved all evidence or destroyed evidence

15  potentially relevant to the litigation of this matter and other relief as the court deems necessary. The

16  Motion, as to the YCLT, does not seek to proceed with litigating any aspect of the issues on appeal

17  or the 303(i) litigation.  It is a request for an order to show cause – which simply means the Alleged

18  Debtor is asking the court to order the YCLT to answer the question as to whether it destroyed

19  evidence and/or preserved evidence.  This Court clearly has jurisdiction to do so to maintain the

20  "status quo" of the case during the pending appeal.

21      Second, YCLT argues that no evidence has been produced by Alleged Debtor "to justify the

22  issuance of an order to show cause." But, this allegation is not true.  One need only read the

23  declaration of debtor's counsel with the attached exhibits of communications to see.

24      Further, the YCLT appears to make the argument that Rule 37 and the other authority

25  proffered by Alleged Debtor for this Motion in some way only assists a party *after* evidence has

26  been destroyed. One can only assume that the reason that there is a requirement to meet and confer

27  in good faith with opposing counsel before filing a discovery motion is to avoid any need for court

28  invention. But when those good faith efforts to resolve the discovery issue do not result in resolution

DOLING
SHAW &
HANOVER

1    of the concerns addressed, a motion must follow to seek court intervention. Even in the pages the

2    YCLT filed, claiming that no evidence has been provided, the YCLT never says "we preserved all

3    evidence" or "we did not destroy evidence" – it simply refuses to answer the question, as it did when

4    Alleged Debtor met and conferred.  Nothing could raise a greater red flag than it's silence.  A civil

5    and professional response would be the admission or denial of that question and would have ended

6    the inquiry.  Instead, the question remains unanswered, prompting the need for court intervention.

7          The YCLT ends its argument regarding a lack of "evidence" attached to the Motion by

8    proffering *U.S. Legal Support, Inc. v. Hofioni* (an unpublished case) to say that the Alleged Debtor's

9    "mere speculation is an insufficient basis for finding of spoliation." (*See* YCLT's Opposition on

10   page 13, lines 7-8). First, Alleged Debtor is not seeking discovery sanctions against the YCLT (other

11   than for costs of having to bring this Motion and any other relief this court deems necessary).  "Mere

12   speculation" would have been filing this Motion without the good faith effort to meet and confer;

13   that is not what transpired.

14   **II.    TO SEEK RELIEF, FRBP 8007 REQUIRES ALLEGED DEBTOR TO FILE THE**

15   **INSTANT MOTION BEFORE THIS COURT.**

16         FRBP 8007 specifically provides that the Alleged Debtor file this Motion in this Court to seek

17   the relief requested.  FRBP 8007(a)(1) states that "Ordinarily, a party must move first in the

18   bankruptcy court for the following relief:…(C) an order suspending, **modifying**, **restoring**, or

19   granting an injunction while an appeal is pending; or (D) the suspension or **continuation of**

20   **proceedings** in a case or **other relief permitted by subdivision (e)**."  FRBP 8007(e) specifically

21   allows for "Continuation of Proceedings in the Bankruptcy Court…" and mandates that "the

22   bankruptcy court may: (1) suspend or order the continuation or other proceedings in the case; or

23   issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties

24   in interest."

25         Here, the Alleged Debtor is seeking a "**modification**" of a stay pending appeal

26   order/"**restoration**" of the status quo prior to the 2nd Stay Order because it appears that order was abused

27   by Montana when it destroyed evidence in violation of the stay order.  The "**continuation of**

28   **proceedings**" in this case to move forward with 303(i) damages litigation, as well as "**other relief**"

1    for violation of discovery rules is imperative.  Without this Court's intervention, the Alleged Debtor

2    will be stripped of the opportunity to properly prove his 303(i) damages and/or fairly litigate the

3    entire involuntary bankruptcy filed against him.  Alleged Debtor attempted to resolve this issue

4    without court intervention. Surly, seeking to determine whether relevant evidence was destroyed,

5    after out-of-court-efforts failed, justifies this Motion and court intervention to "**protect the rights**

6    **of all parties in interest**." (*See* also FRCP 8007 Committee Notes on Rules-2014 which states:

7    "Subdivision (e) retains the provision of the former rule that authorizes the bankruptcy court to

8    decide whether to suspend or allow the continuation of other proceedings in the bankruptcy case

9    while the matter for which a stay has been sought is pending on appeal.").

10        The fact that FRCP 8007 discusses both "modifying" injunctions and/or "**any other**

11    **appropriate orders during the pendency of an appeal to protect the rights of all parties in**

12    **interest**" gives this Court the jurisdiction and authority to grant the relief requested in the Motion.

13    **III.    THE CASE LAW ADVANCED BY THE YCLT SUPPORTS THE ALLEGED**

14           **DEBTOR'S REQUESTS FOR RELIEF IN THIS MOTION.**

15        YCLT asserts that "(o)nce a notice of appeal is filed jurisdiction is vested in the Court of

16    Appeals, and the trial court thereafter has no power to modify <u>its judgment</u> (emphasis added) in the

17    case or proceed further except by leave of the Court of Appeals." (*See* YCLT's Objection on page

18    9, lines 24-28). The relief Alleged Debtor is requesting [*i.e.* an OSC to determine if evidence was

19    destroyed and a request for a protective/preservation order to stop further destruction of evidence,

20    if any] in no way impacts, interferes with, or effectively circumvents any decision made by the

21    District Court as to whether this Court's <u>judgment</u> to dismiss this case for a second time. Rather,

22    this relief will serve to protect the rights of ALL parties in interest in this matter. As with any legal

23    matter, the preservation of evidence is of the utmost importance to rendering justice in our courts.

24        "A stay pending appeal is designed to keep an appellant's position from eroding while the

25    issues on appeal are decided; however, such a stay should not operate to give an appellant a tactical

26    advantage it would not have enjoyed had it been successful in the lower court." *In re Strawberry*

27    *Square Associates*, 152 B.R. 699, 702 (Bankr. E.D.N.Y. 1993). It is clear that a stay pending appeal

28    should not be used by the YCLT or any party as both a sword and a shield to destroy evidence and

1    gain a tactical advantage in either the 303(i) litigation or the potential remand of this case by the

2    District Court. The erosion of justice must be stopped.

3        The relief requested in this Motion is also unrelated to the issues on appeal by Montana (the

4    YCLT only participating as an interested party and not having filed any briefing with the District

5    Court). *See* Montana Department of Revenue's Statement of Issues To Be Presented On Appeal

6    [Document No 7 in District Court of Nevada case number 2:13-cv-01324-JAD] attached hereto as

7    **Exhibit 7**. Determining whether the YCLT participated in the destruction of evidence is a simple

8    inquiry. If the YCLT cannot confirm or deny the destruction of evidence, this motion has served its

9    purpose to prevent further destruction, in violation of this Court's Second Stay Order, and

10    remedying the same, which are wholly unrelated to the issues on appeal by Montana before the

11    District Court. The relief requested may be granted and structured by this Court so as to leave the

12    pending appeals completely intact and undisturbed.

13    **IV.    THERE IS NO ADMISSIBLE EVIDENCE ATTACHED TO THE YCLT'S**

14         **RESPONSE/OBJECTION TO ALLEGED DEBTOR'S MOTION.**

15        The only evidence attached to the YCLT's Objection to Alleged Debtor's Motion to rebut its

16    contentions is a declaration by YCLT's attorney, Kevin Barrett, admitting copies of documents as

17    Exhibits to its Objection. Alleged Debtor has refused to take the bait and address the first nine pages

18    of YCLT's objection and Mr. Barrett's declaration in that neither offers anything of probative value

19    to the determination of this simple motion. As laid out in Alleged Debtor's evidentiary objections

20    and Reply, Mr. Barrett's declaration is inadmissible in that it serves only to admit documents that

21    are wholly irrelevant to the litigation of this Motion. One has to question why all the smoke and

22    mirrors?

23    **V.    CONCLUSION.**

24        Alleged Debtor properly met and conferred with opposing parties. He filed this Motion in

25    good faith according to the FRBP, and he has presented admissible evidence demonstrating the

26    concern that very crucial evidence to his defense in this involuntary bankruptcy and his 303(i)

27    litigation may have been destroyed by the YCLT. Therefore, he respectfully requests this Court

28    grant his Motion in all respects and grant any other relief the Court deems necessary. Further,

1    Alleged Debtor requests the Court enter an order denying the YCLT's "cross-motion."

2                                                    Respectfully submitted,

3    Dated: August 29, 2017                          **DOLING SHAW AND HANOVER, APC**

4

5                                        By: _____
                                              Jenny L Doling/Summer Shaw
6                                             Attorneys for Alleged Debtor
                                              Timothy Blixseth

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3
4
5

Rodney M. Jean
NV State Bar No. 1395
Lionel Sawyer & Collins
300 S. 4th St., #1700
Las Vegas, Nevada 89101
(702) 383-8830
(702) 383-8845 (fax)
rjean@lionelsawyer.com

6
7
8
9
10

Lynn Hamilton Butler
TX State Bar No. 03527350
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)
lynn.butler@huschblackwell.com

11

Pro Hac Vice Application To Be Submitted

12
13
14
15
16

Keith A. Jones
Special Assistant Attorney General
Montana Department of Revenue, Legal Services Office
125 North Roberts Street
P.O. Box 7701
Helena, MT  59604-7701
(406) 444-5884
kjones@mt.gov

17

18

Pro Hac Vice Application To Be Submitted

19

COUNSEL FOR PETITIONING CREDITOR MONTANA DEPARTMENT OF REVENUE

20

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

21

22

23

24

25

26

27

28

| In re: | § | Bankruptcy Case No. 11-15010 |
| | § | |
| TIMOTHY L. BLIXSETH, | § | Involuntary Chapter 7 |
| | § | **Montana Department of Revenue's** |
| Alleged Debtor. | § | **Statement of Issues To Be Presented** |
| | § | **On Appeal** |

**EXHIBIT "7"**

1

2  MONTANA DEPARTMENT OF          §    Civil Case No.: 13-1324-JCM
   REVENUE,                        §
                                   §
3              Appellant,          §
                                   §
4  v.                              §
                                   §
5  TIMOTHY L. BLIXSETH,            §
                                   §
6              Appellee.           §
   _____§
7                                  §

8          Pursuant to Fed.R.Bankr.P. 8006 and LR 8006, Appellant Montana Department of

9   Revenue ("MDOR") hereby identifies the following issues to be presented on its appeal of the

10  Order Granting Motion To Dismiss Involuntary Case entered on July 10, 2013 (Dkt. #528):

11      1.  Did the Bankruptcy Court err in dismissing the involuntary case against Timothy Blixseth

12          where the involuntary debtor had fewer than 12 qualifying creditors under 11 U.S.C

13          §303(b) and the petition was filed by four qualified creditors?

14      2.  Did the Bankruptcy Court err in concluding that Timothy Blixseth had more than 11

15          creditors on the Petition Date when the undisputed evidence demonstrated that creditors

16          had either been paid in full prior to petition date or held avoidable transfers under Title

17          11, Chapter 5, U.S.C.?

18      3.  Did the Bankruptcy Court err in concluding that the California Franchise Tax Board was

19          not a qualifying petitioning creditor under 11 U.S.C. § 303(b)(1), where the liability was

20          based upon sworn, filed, and uncontested state tax returns?

21      4.  Did the Bankruptcy Court err in concluding that the Idaho State Tax Commission was not

22          a qualifying petitioning creditor under 11 U.S.C. § 303(b)(1),  where the liability was

23          based upon a final, non-appealed state court judgment and sworn, filed, and uncontested

24          state tax returns?

25

26

27

28

2

**EXHIBIT "7"**

5. Did the Bankruptcy Court err in concluding that MDOR was not a qualifying petitioning creditor under 11 U.S.C. § 303(b)(1), where the liability is based upon repeated judicial admissions made in a state tax administrative proceeding?

6. Did the Bankruptcy Court err in concluding that post-petition settlements of two petitioning creditors' claims can convert a claim that was undisputed as of the Petition Date into a disputed claim for purposes of 11 U.S.C. § 303(b)(1)?

7. Where the allegedly disputed part of a petitioning creditor's claim would not take the undisputed amount below the monetary threshold for an involuntary bankruptcy, did the Bankruptcy Court err in disqualifying a petitioning creditor's claim, in light of existing law and this Court's holding in Focus Media?

Respectfully submitted this 5th day of August, 2013.

/s/ Lynn Hamilton Butler
LYNN HAMILTON BUTLER
HUSCH BLACKWELL LLP.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Phone: (512) 479-1141
Email: lynn.butler@huschblackwell.com
Texas Bar No. 03527350

/s/ Keith A. Jones
KEITH A. JONES
Special Assistant Attorney General
MONTANA DEPARTMENT OF REVENUE
Legal Services Office
125 North Roberts Street
P. O. Box 7701
Helena, MT 59604-7701
Phone: (406) 444-5884
Email: kjones@mt.gov

3

**EXHIBIT "7"**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

and

*/s/ Rodney Jean*_____
RODNEY JEAN
LIONEL SAWYER & COLLINS
300 S. 4th Street, #1700
Las Vegas, NV 89101
(702) 383-8888
Email: rjean@lionelsawyer.com

COUNSEL FOR PETITIONING CREDITOR
MONTANA DEPARTMENT OF REVENUE

4

**EXHIBIT "7"**

JENNY L. DOLING (SBN 7322)
SUMMER M. SHAW (CA SBN 283598)
*Pro hac vice pending*
**DOLING SHAW & HANOVER, APC**
36915 Cook Street, Suite 101
Palm Desert, CA 92211
Telephone: (760) 341-8837
Facsimile: (760) 341-3022
Email: jd@dshapc.com/ss@dshapc.com
*Counsel for Timothy L. Blixseth*

| Electronically filed on August 29, 2017 |
| --- |

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

In re

    TIMOTHY L. BLIXSETH,

               Alleged Debtor.

Case No. BK-11-15010-mkn

Chapter 7 (Involuntary)

CERTIFICATE OF SERVICE

      Pursuant to Nev. R. Civ. P. 5(b), I certify that I am an employee of DOLING SHAW & HANOVER, APC and that on this 29th day of August 2017, I caused the above and foregoing document entitled **SUPPLEMENTAL BRIEF IN SUPPORT OF TIMOTHY BLIXSETH'S MOTION FOR AN ORDER FOR THE YCLT SUCCESSOR TRUSTEE, BRIAN GLASSER, TO APPEAR AND SHOW CAUSE AS TO WHETHER HE HAS PRESERVED ALL EVIDENCE/DESTROYED EVIDENCE POTENTIALLY RELEVANT TO THE LITIGATION OF THIS MATTER (DKT. #674) WITH EXHIBIT "7"** to be served as follows:

      ☒    ECF System;

1    ☒    by placing same to be deposited for mailing in the United States Mail, in a sealed

2          envelope upon which first class postage was prepaid in Palm Desert, California;

3          and/or

4    ☐    pursuant to EDCR 7.26, to be sent via facsimile;

5    ☐    to be hand-delivered; and/or

6    ☐    via email.

7

to the attorney(s)/party(ies) listed below at the address and/or facsimile number indicated below:

8

9    _____

10   _____

11   _____

12                                            _____

13                                            Isabel Tostado
                                             An employee of DOLING SHAW & HANOVER, APC
14

15

16

17

18

19

20

21

22

23

24

25

-2-

# Mailing Information for Case 11-15010-mkn

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **BRETT A. AXELROD**    baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com
- **LUIS A. AYON**    laa@ayonlaw.com
- **KEVIN W. BARRETT**    kbarrett@baileyglasser.com, pwilson@baileyglasser.com;tbasdekis@baileyglasser.com
- **LYNN HAMILTON BUTLER**    lynn.butler@huschblackwell.com, penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com
- **CANDACE C CARLYON**    ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;mcarlyon@clarkhill.com
- **DAVID B. COTNER**    dcotner@dmllaw.com
- **CLYDE DEWITT**    clydedewitt@earthlink.net
- **JENNY L DOLING**    jd@dshapc.com, ecf4jdlaw@gmail.com
- **LARS EVENSEN**    lkevensen@hollandhart.com, yjdekle@hollandhart.com
- **MARK J. GARDBERG**    mg@h2law.com, sg@h2law.com
- **MARK H. GUNDERSON**    cstockwell@gundersonlaw.com
- **JOHN H. GUTKE**    jgutke@foxrothschild.com, mmetoyer@foxrothschild.com;jmagee@foxrothschild.com;pchlum@foxrothschild.com
- **JEFFREY L HARTMAN**    notices@bankruptcyreno.com, sji@bankruptcyreno.com
- **STEVEN L. HOARD**    shoard@mhba.com
- **IDAHO STATE TAX COMMISSION ( pt)**    sandi.meikle@tax.idaho.gov
- **RODNEY M. JEAN**    rmj@lionelsawyer.com
- **KEITH A JONES**    elizabethroberts@mt.gov, mgohn@mt.gov;evanestrada@mt.gov
- **ANNE M. LORADITCH**    aloraditch@bachlawfirm.com, sandra.herbstreit@bachlawfirm.com;jbach@bachlawfirm.com
- **RACHEL R. SILVERSTEIN**    amwilson@foxrothschild.com
- **ROLLIN G. THORLEY**    rollin.g.thorley@irscounsel.treas.gov
- **U.S. TRUSTEE - LV - 7**    USTPRegion17.LV.ECF@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**TODD M BAILEY**
CALIFORNIA FRANCHISE TAX BOARD
LEGAL DIVISION MS A 260
FRANCHISE TAX BOARD
P.O. BOX 1720
RANCHO CORDOVA, CA 95741-1720

**ATHANASIOS BASDEKIS**
209 CAPITOL STREET
CHARLESTON, WV 25301

**GEORGE R BROWN**
DEPUTY ATTORNEY GENERAL
IDAHO ATTORNEY GENERAL'S OFFICE

700 WEST JEFFERSON STREET
P.O. BOX 83720
BOISE, ID 83720-0010

**CHRISTOPHER J CONANT**
CONANT LAW LLC
730 17TH STREET, SUITE 200
DENVER, CO 80202

**FOX ROTHSCHILD, LLP**
3800 HOWARD HUGHES PKWY, STE 500
LAS VEGAS, NV 89169

**ATTORNEY GENERAL IDAHO**
IDAHO ATTORNEY GENERAL'S OFFICE
700 W. JEFFERSON ST #210
BOISE, ID 83720-0010

**BROWN MCCARROLL**
111 CONGRESS AVENUE, #1400
AUSTIN, TX 78701

**NATHAN A. SCHULTZ**
10621 CRAIG RD
TRAVERSE CITY, MI 49686

**SUMMER M SHAW**
DOLING SHAW & HANOVER, APC
36915 COOK ST., STE. 101
PALM DESERT, CA 92211

**U.S. BANKRUPTCY COURT DISTRICT OF NV, LAS VEGAS**
300 LAS VEGAS BLVD S.
LAS VEGAS, NV 89101

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.