Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Schwartz Law, PLLC
601 Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
saschwartz@nvfirm.com
*Attorneys for the Alleged Debtor*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 11-15010-mkn |
| Timothy L. Blixseth, | Chapter 7 |
| Alleged Debtor. | |

## MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS
## AND FOR CONTEMPT SANCTIONS PURSUANT TO FRCP 45(G)

Timothy L. Blixseth, the alleged debtor (the "**Alleged Debtor**") in the above captioned case, by and through his counsel of record, Schwartz Law, PLLC ("**SL**"), move this Court to compel production of documents withheld by the California Franchise Tax Board ("**CFTB**") pursuant to Federal Rule of Civil Procedure 45 (the "**Federal Rules**"), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016 (the "**Bankruptcy Rules**").

## I.    PRELIMINARY STATEMENT

1. On or about August 7, 2020, the Alleged Debtor served his Amended Notice of Intent to Serve Subpoena for Rule 2004 Examination (the "**Subpoena**")[1] on CFTB requesting documents relating to Mr. Blixseth's inevitable 11 U.S.C. 303(i) damages motion.

2. On October 8, 2020, the Alleged Debtor sent correspondence to CFTB requesting a meet and confer due to CFTB's failure to respond to the Subpoena.[2]

3. On October 26, 2020, counsel for the Alleged Debtor attempted to contact counsel for

---

[1] *See* Amended Notice of Intent to Serve Subpoena for Rule 2004 Examination, attached as **Exhibit 1**.

[2] *See* Correspondence to CFTB dated October 8, 2020, attached as **Exhibit 2**.

CFTB only to be told the CFTB did not have a phone number for Todd M. Bailey.[3]  Counsel for the Alleged Debtor left a voicemail for the so-called litigation department of CFTB and has not yet received a response.[4]

  4. The Alleged Debtor has received no communication from CFTB.[5]

## II. STATEMENT OF FACTS

  5. On April 5, 2011, Petitioners MDOR, Idaho State Tax Commission ("**Idaho**"), and California Franchise Tax Board ("**California**") filed a Chapter 7 Involuntary Petition against Mr. Blixseth.  (ECF No. 1).  On April 20, 2011, Petitioner Idaho withdrew from the Involuntary Petition. (ECF No. 20).  On that same date, Petitioner California withdrew from the Involuntary Petition. (ECF No. 26).

  6. On July 10, 2013, after extensive discovery and a two-day evidentiary hearing, the Honorable Bruce A. Markell (ret.) dismissed the IP pursuant to Fed. R. Bankr. R. 1011 and Fed. R. Civ. P. 56(a) in this Court.  (ECF No. 528).

  7. On July 22, 2013, Petitioner MDOR filed a Notice of Appeal to the District Court.  (ECF No. 541).  Mr. Blixseth then filed a motion under 11 U.S.C. § 303(i)(1) to recover his attorneys' fees and costs associated with the IP.  (ECF No. 554).  MDOR moved for entry of an order staying all post-dismissal proceedings, including Mr. Blixseth's pending motion under 11 U.S.C. § 303(i).  (ECF No. 583).  The Court issued a stay precluding Mr. Blixseth from prosecuting his motion for attorneys' fees.  (ECF Nos. 635 and 653).

  8. Over three years later, on December 15, 2017, District Court affirmed this Court's Order dismissing the IP.  (ECF No. 734).

  9. MDOR then then appealed the District Court's ruling to the Ninth Circuit.  (ECF No. 736).  In its published disposition, the Ninth Circuit: (i) held MDOR lacked standing to serve as a

---

[3] *See* Declaration of Emily D. Anderson, Esq., attached as **Exhibit 3**.

[4] *Id.*

[5] *Id.*

petitioning creditor; and (ii) rejected MDOR's arguments grounded in the alleged rights of Idaho, California, and/or the Yellowstone Club Liquidation Trust ("**YCLT**").

10.    At no point did the Ninth Circuit's decision reverse the Bankruptcy Court's dismissal of the IP or the District Court's subsequent affirmance of the dismissal order.

11.    Since August 7, 2020, the CFTB has ignored the Subpoena and the Alleged Debtor's attempt to meet and confer and refuses to produce the relevant documents relating to Mr. Blixseth's inevitable 11 U.S.C. 303(i) damages motion.

12.    Accordingly, the Alleged Debtor moves to compel CFTB's response to the Alleged Debtor's Subpoena and for contempt sanctions pursuant to FRCP 45(g) made applicable here pursuant to Bankruptcy Rule 9016.

## III.    RELIEF REQUESTED

13.    The Alleged Debtor seeks to compel CFTB to comply with the Subpoena and for contempt sanctions for failing to respond to the Subpoena in any manner, pursuant to Federal Rule 45, made applicable here pursuant to Bankruptcy Rule 9016.

## IV.    BASIS FOR RELIEF

### A.    THE COURT SHOULD COMPEL CFTB TO PRODUCE THE SUBPOENAED DOCUMENTS, AS THEY ARE RELEVANT TO THE INSTANT PROCEEDINGS.

14.    Federal Rule 45 governs discovery by subpoena.  Federal Rule 45(e)(1)(A) provides, in part:

> (A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

15.    "The scope of permissible discovery, sought by subpoena or otherwise, is ultimately governed by Rule 26(b), which permits the discovery of any non-privileged material "relevant to the claim or defense of any party," even if inadmissible, as long as it 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2012 U.S. Dist. LEXIS 533502, at *47 (N.D. Cal. April 16, 2012).  Indeed, relevance is a "broad and liberally construed" standard balanced by the Court's authority to weigh the burden of the requested

discovery against the public interest in the "truth seeking function" of the judicial process.  Phillips v. Clark County School Dist., 2012 U.S. Dist. LEXIS 5309, at *10 (D. Nev. Jan. 18, 2012).

16.    In the civil context, discovery is broad and far-reaching.  The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  FRCP 26(b)(l).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

17.    Here, the Alleged Debtor requested documents related to the filing of the Involuntary Petition.  Specifically, the Alleged Debtor requests the following documents (the "**Document Requests**"):[6]

- All Documents and Correspondence exchanged between You, Your employees and/or agents, and/or Your Related Entities and/or Steve Bullock, Dan Bucks, Kim Davis, Keith Jones, Spencer Marks, Joel Silverman, Marc S. Kirschner, Lynn H. Butler, Paul Moore, Brian Schweitzer, Franklin Hall, Brian Glasser, Kevin Barrett, Todd Bailey, Brian Nicholas, and/or Teresa Whitney, related to the Involuntary Petition or the Bankruptcy Case.

- All Documents and Correspondence exchanged between You, Your employees and/or agents, and/or Your Related Entities and/or Steve Bullock, Dan Bucks, Kim Davis, Keith Jones, Spencer Marks, Joel Silverman, Marc S. Kirschner, Lynn H. Butler, Paul Moore, Brian Schweitzer, Franklin Hall, Brian Glasser, Kevin Barrett, Todd Bailey, Brian Nicholas, and/or Teresa Whitney, related to the May 16, 2011 Breach Letter.

- All Documents and Correspondence related to You and/or Your Related Entities entering into, drafting, and/or finalizing the Involuntary Petition, including any and all correspondence between You, Your employees and/or agents, Your Related Entities, the CFTB or the Defendant related to the Involuntary Petition or the Bankruptcy Case.

- All Documents and Correspondence exchanged between You, Your employees and/or agents, and/or Your Related Entities and the CFTB or the Defendant related to the Involuntary Petition or the Bankruptcy Case.

- Any and all drafts of agreements, contracts or memoranda exchanged between You, Your employees, agents, and/or attorneys, Your Related Entities, the CFTB or the Defendant. 6. Any and all drafts of the Involuntary Petition exchanged between You, Your employees, agents, and/or attorneys, Your Related Entities, the CFTB or the Defendant.

- Any and all drafts of any pleadings exchanged between You, Your employees, agents, and/or attorneys, Your Related Entities, the CFTB or the Defendant relating to the Bankruptcy Case.

---

[6] See Exhibit 1.

4

- All Documents and Correspondence between You, Your employees and/or agents, Your Related Entities, the CFTB or the Defendant, related to the drafting, finalizing or execution of any and all settlement agreements with Blixseth or Your withdrawal from the Involuntary Petition.

18.    These Document Requests are relevant to the inevitable damages motion pursuant to 11 U.S.C. 303(i) because the documents will provide information regarding MDOR decision to bring the Involuntary Petition as well as MDOR's correspondence with CFTB to join as a petition creditor.

19.    Therefore, the subpoenaed documents are relevant to the instant proceedings regarding the filing of the Involuntary Petition, and are inherently related to the Alleged Debtors estate. Therefore, CFTB should be compelled to produce the documents requested pursuant to the Subpoena.

**B.    THE COURT SHOULD ORDER CFTB TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT AND THE COURT SHOULD ORDER SANCTIONS.**

20.    Should a non-party refuse to comply with a subpoena, the Court may order compliance with the subpoena and may also issue contempt sanctions pursuant to Federal Rule 45(g):

> (g) Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

21.    The Court has the authority to enforce the subpoenas issued to CFTB pursuant Federal Rule 45(d)(1) and 45(e), applicable to the present proceeding by Bankruptcy Rule 9016. *See* FRCP 45(e)[7] (providing that a court may hold anyone who fails to obey a subpoena without adequate excuse in contempt).

22.    Indeed, defiance of a subpoena is tantamount to an act in defiance of a court order and exposes the defiant witness to contempt sanctions.  See FRCP 45(e); *see also Corrales v. Castillo*, 2008 WL 4186233 at *1 (D. Nev. 2008).

23.    Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *In re Dual-Deck Video*

---

[7] Now FRCP(g).

*Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  A court may hold a party in contempt if it finds that a party: (a) violated the court order including a subpoena; (b) beyond substantial compliance; (c) not based on a good faith and reasonable interpretation of the order or subpoena; and (d) by clear and convincing evidence.  *U.S. v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (internal quotations and citations omitted).

24.    All four elements are met here.  CFTB violated the terms of the Subpoena by failing to produce the documents requested.  CFTB's deliberate, complete, and unjustified noncompliance should be considered bad faith.  *See Corrales*, 2008 WL 4186233, at *1.  Indeed, not only did CFTB fail to respond to the Subpoena, but it has failed to even acknowledge existence of the Subpoena and its obligation to comply

25.    Once a party is in civil contempt, the Court can impose an appropriate remedy, "including attorney's fees and costs incurred by" the Creditors in making this Motion.  *Id.*  Civil contempt sanctions generally include fines, and in some extreme cases, imprisonment (*see In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002) (fine and imprisonment ordered for failure to obey grand jury subpoena) *cert denied*, 536 U.S. 925 (2002); *Int'l Bhd. of Elec. Workers, Local 474 v. Eagle Elec. Co.*, 2007 WL622504, at *1 (W.D. Tenn. Feb. 22, 2007) (imprisonment); *Painewebber, Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247,249 (S.D.N.Y. 2002) (fine imposed for failure to comply with deposition and document subpoenas); *Forum Ins.Co. v. Keller*, 1992 WL 297580, at *3 (S.D.N.Y. Oct. 8, 1992) (fine imposed for failure to comply with document subpoena)). Civil contempt sanctions are designed primarily to coerce the contemnor into complying with the court's demands.  *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-30 (1994); *In re Grand Jury Proceedings*, 280 F.3d at 1107.

26.    Accordingly, the Alleged Debtor requests sanctions in the amount of his attorneys' fees and costs to prosecute this Motion to Compel.

27.    Therefore, this Court should hold CFTB in contempt for failing to comply with the Subpoena and impose sanctions for, but not limited to, attorney's fees and costs related to the filing of the instant Motion.

1

**V.**     **CONCLUSION**

2      WHEREFORE, the Alleged Debtor respectfully requests that the Court issue an Order,

3 attached hereto as **Exhibit 4**: (a) compelling CFTB to produce the documents as requested in the

4 Subpoena, (b) to sanction CFTB for its noncompliance; (c) grating the Alleged Debtor his attorneys'

5 fees and costs to prosecute this motion in an amount to be determined; and (d) granting such other

6 relief as the Court deems just and proper.

7      Dated this 26th of October, 2020.

8

9                                          Respectfully Submitted,

10                                          SCHWARTZ LAW, PLLC

11

12                                          By: /s/ Samuel A. Schwartz, Esq.

13                                          Samuel A. Schwartz, Esq.
Nevada Bar No. 10985

14                                          601 E. Bridger Avenue
Las Vegas, Nevada  89101

15                                          *Attorneys for Alleged Debtors*

16

17

18

19

20

21

22

23

24

25

26

27

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via

the Court's CM/ECF system on October 26, 2020, the following:

BRETT A. AXELROD on behalf of Plaintiff TIMOTHY L BLIXSETH
baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com

LUIS A. AYON on behalf of Alleged Debtor TIMOTHY L BLIXSETH
laa@ayonlaw.com

KEVIN W. BARRETT on behalf of Creditor YELLOW STONE CLUB LIQUIDATING
TRUST
kbarrett@baileyglasser.com, pwilson@baileyglasser.com;tbasdekis@baileyglasser.com

LYNN HAMILTON BUTLER on behalf of Petitioning Creditor MONTANA DEPARTMENT
OF REVENUE
lynn.butler@huschblackwell.com,
penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com

CANDACE C CARLYON on behalf of Creditors ANGUS A. MACNAUGHTON, DAVID M.
STANTON, EDGAR A. RAININ, GARY DI SILVESTRI, JAMES T. DOLAN, ROBERT
CHING, THOMAS W. HOOK, YOAV RUBINSTEIN,
ccarlyon@carlyoncica.com,
CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.
com;Dcica@carlyoncica.com

DAVID B. COTNER on behalf of Interested Parties DAVID B. COTNER and RICHARD J.
SAMSON
dcotner@dmllaw.com

LARS EVENSEN on behalf of Creditors YELLOWSTONE CLUB LIQUIDATING TRUST,
MARK S. KIRSCHNER and MARC S. KIRSCHNER
lkevensen@hollandhart.com, cabowman@hollandhart.com

MARK J. GARDBERG on behalf of Petitioning Creditor MONTANA DEPARTMENT OF
REVENUE
mg@h2law.com, sg@h2law.com

MARK H. GUNDERSON on behalf of Creditors 395 LAMPE, LLC, EDGEWOOD
COMMERCIAL VILLAGE, LLC,  and THE PRIM 1988 REVOCABLE
cstockwell@gundersonlaw.com

JOHN H. GUTKE on behalf of Plaintiff TIMOTHY L BLIXSETH
jgutke@gutkelaw.com

JEFFREY L HARTMAN on behalf of Creditors 395 LAMPE, LLC, EDGEWOOD
COMMERCIAL VILLAGE, LLC and THE PRIM 1988 REVOCABLE
notices@bankruptcyreno.com, abg@bankruptcyreno.com

STEVEN L. HOARD on behalf of Creditor YELLOW STONE CLUB LIQUIDATING
TRUST
shoard@mhba.com

IDAHO STATE TAX COMMISSION ( pt)
sandi.meikle@tax.idaho.gov

KEITH A JONES on behalf of Petitioning Creditor MONTANA DEPARTMENT OF
REVENUE
elizabethroberts@mt.gov, mgohn@mt.gov;evanestrada@mt.gov

ANNE M. LORADITCH on behalf of Alleged Debtor TIMOTHY L BLIXSETH
aloraditch@bachlawfirm.com, sandra.herbstreit@bachlawfirm.com;jbach@bachlawfirm.com

SUMMER M SHAW on behalf of Alleged Debtor TIMOTHY L BLIXSETH
ss@shaw.law

RACHEL R. SILVERSTEIN on behalf of Alleged Debtor TIMOTHY L BLIXSETH
amwilson@foxrothschild.com

ROLLIN G. THORLEY on behalf of Creditor IRS
rollin.g.thorley@irscounsel.treas.gov

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via REGULAR

MAIL on October 26, 2020, to the following:

MARK G ARNOLD on behalf of Petitioning Creditor MONTANA DEPARTMENT OF REVENUE
HUSCH BLACKWELL LLP
190 CARONDELET PLAZA, SUITE 600
ST. LOUIS, MO 63105

CHARLES D. AXELROD on behalf of Alleged Debtor TIMOTHY L BLIXSETH
FOX ROTHSCHILD LLP
1800 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CA 90067

10

TODD M BAILEY on behalf of Petitioning Creditor CALIFORNIA FRANCHISE TAX BOARD
CALIFORNIA FRANCHISE TAX BOARD
LEGAL DIVISION MS A 260
FRANCHISE TAX BOARD
P.O. BOX 1720
RANCHO CORDOVA, CA 95741-1720

ATHANASIOS BASDEKIS on behalf of Creditor YELLOW STONE CLUB LIQUIDATING TRUST
209 CAPITOL STREET
CHARLESTON, WV 25301

CHRISTOPHER J CONANT on behalf of Alleged Debtor TIMOTHY L BLIXSETH
CONANT LAW LLC
730 17TH STREET, SUITE 200
DENVER, CO 80202

FOX ROTHSCHILD, LLP
3800 HOWARD HUGHES PKWY, STE 500
LAS VEGAS, NV 89169

ATTORNEY GENERAL IDAHO on behalf of Petitioning Creditor IDAHO STATE TAX
COMMISSION ( pt)
IDAHO ATTORNEY GENERAL'S OFFICE
700 W. JEFFERSON ST #210
BOISE, ID 83720-0010

RODNEY M. JEAN on behalf of Defendant MONTANA DEPARTMENT OF REVENUE
LAS VEGAS, NV 89101

RODNEY M. JEAN on behalf of Petitioning Creditor CALIFORNIA FRANCHISE TAX BOARD
LAS VEGAS, NV 89101

RODNEY M. JEAN on behalf of Petitioning Creditor IDAHO STATE TAX COMMISSION ( pt)
LAS VEGAS, NV 89101

RODNEY M. JEAN on behalf of Petitioning Creditor MONTANA DEPARTMENT OF REVENUE
LAS VEGAS, NV 89101

AMBER KAUFFMAN on behalf of Petitioning Creditor IDAHO STATE TAX COMMISSION ( pt)
P.O. BOX 36
BOISE, ID 83722-0410

BROWN MCCARROLL on behalf of Petitioning Creditor CALIFORNIA FRANCHISE TAX BOARD
111 CONGRESS AVENUE, #1400
AUSTIN, TX 78701

BROWN MCCARROLL on behalf of Petitioning Creditor MONTANA DEPARTMENT OF
REVENUE
111 CONGRESS AVENUE, #1400
AUSTIN, TX 78701

U.S. BANKRUPTCY COURT DISTRICT OF NV, LAS VEGAS
300 LAS VEGAS BLVD S.
LAS VEGAS, NV 89101

By: /s/ Susan Roman
Susan Roman, employee for
Schwartz Law, PLLC

# Exhibit 1

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Schwartz Law, PLLC
601 Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
saschwartz@nvfirm.com
*Attorneys for the Alleged Debtor*

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 11-15010-mkn |
| | ) | |
| Timothy L. Blixseth, | ) | Chapter 7 |
| | ) | |
| Alleged Debtor. | ) | |
| | ) | |

### *AMENDED[1]* NOTICE OF INTENT TO SERVE SUBPOENA FOR RULE 2004 EXAMINATION TO CALIFORNIA FRANCHISE TAX BOARD

Pursuant to Rule 9016, Fed. R. Bankr. P. and Rule 45(a)(4), Fed. R. Civ. P., all parties are hereby notified that Timothy Blixseth, the Alleged Debtor in the above-captioned matter ("**Alleged Debtor**"), through his attorney of record, Schwartz Law, PLLC, has issued and will serve a Subpoena for Rule 2004 Examination upon the California Franchise Tax Board for production of the documents listed on **Exhibit A** of the attached subpoena.

A copy of the subpoena is attached hereto.  The subpoena does not require testimony from the California Franchise Tax Board.

Dated this 7th day of August, 2020.

By: /s/ Samuel A. Schwartz____
 Samuel A. Schwartz, Esq.
 Nevada Bar No. 10985
 Schwartz Law, PLLC

 *Attorneys for the Alleged Debtor*

---

[1] Amendment is as to Paragraph 11 of the Definitions only.

Page 1 of 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system on August 7, 2020, the following:

BRETT A. AXELROD on behalf of Plaintiff TIMOTHY L BLIXSETH
baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com

LUIS A. AYON on behalf of Alleged Debtor TIMOTHY L BLIXSETH
laa@ayonlaw.com

KEVIN W. BARRETT on behalf of Creditor YELLOW STONE CLUB LIQUIDATING TRUST
kbarrett@baileyglasser.com, pwilson@baileyglasser.com;tbasdekis@baileyglasser.com

LYNN HAMILTON BUTLER on behalf of Petitioning Creditor MONTANA DEPARTMENT OF REVENUE
lynn.butler@huschblackwell.com,
penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com

CANDACE C CARLYON on behalf of Creditors ANGUS A. MACNAUGHTON, DAVID M. STANTON, EDGAR A. RAININ, GARY DI SILVESTRI, JAMES T. DOLAN, ROBERT CHING, THOMAS W. HOOK, YOAV RUBINSTEIN,
ccarlyon@carlyoncica.com,
CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com

DAVID B. COTNER on behalf of Interested Parties DAVID B. COTNER and RICHARD J. SAMSON
dcotner@dmllaw.com

LARS EVENSEN on behalf of Creditors YELLOWSTONE CLUB LIQUIDATING TRUST, MARK S. KIRSCHNER and MARC S. KIRSCHNER
lkevensen@hollandhart.com, cabowman@hollandhart.com

MARK J. GARDBERG on behalf of Petitioning Creditor MONTANA DEPARTMENT OF REVENUE
mg@h2law.com, sg@h2law.com

MARK H. GUNDERSON on behalf of Creditors 395 LAMPE, LLC, EDGEWOOD COMMERCIAL VILLAGE, LLC,  and THE PRIM 1988 REVOCABLE
cstockwell@gundersonlaw.com

JOHN H. GUTKE on behalf of Plaintiff TIMOTHY L BLIXSETH
jgutke@gutkelaw.com

JEFFREY L HARTMAN on behalf of Creditors 395 LAMPE, LLC, EDGEWOOD
COMMERCIAL VILLAGE, LLC and THE PRIM 1988 REVOCABLE
notices@bankruptcyreno.com, abg@bankruptcyreno.com

STEVEN L. HOARD on behalf of Creditor YELLOW STONE CLUB LIQUIDATING TRUST
shoard@mhba.com

IDAHO STATE TAX COMMISSION ( pt)
sandi.meikle@tax.idaho.gov

KEITH A JONES on behalf of Petitioning Creditor MONTANA DEPARTMENT OF
REVENUE
elizabethroberts@mt.gov, mgohn@mt.gov;evanestrada@mt.gov

ANNE M. LORADITCH on behalf of Alleged Debtor TIMOTHY L BLIXSETH
aloraditch@bachlawfirm.com, sandra.herbstreit@bachlawfirm.com;jbach@bachlawfirm.com

SUMMER M SHAW on behalf of Alleged Debtor TIMOTHY L BLIXSETH
ss@shaw.law

RACHEL R. SILVERSTEIN on behalf of Alleged Debtor TIMOTHY L BLIXSETH
amwilson@foxrothschild.com

ROLLIN G. THORLEY on behalf of Creditor IRS
rollin.g.thorley@irscounsel.treas.gov

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

Page 3 of 3

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Nevada___

In re ___Timothy L. Blixseth___
_____Alleged Debtor_____

_(Complete if issued in an adversary proceeding)_

Case No. ___11-15010-MKN___

Chapter ___7___

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___California Franchise Tax Board___
_(Name of person to whom the subpoena is directed)_

[x] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Schwartz Law, PLLC, 601 E. Bridger Ave., Las Vegas, NV 89101 | September 11, 2020 at 9:00 a.m. PST |

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___8/7/2020___

CLERK OF COURT

OR

_____          ___/s/ Samuel A. Schwartz___
_Signature of Clerk or Deputy Clerk_               _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
___Timothy L. Blixseth___, who issues or requests this subpoena, are:  Samuel A. Schwartz, Esq., Schwartz Law, PLLC, 601 E. Bridger Ave., Las Vegas, NV 89101, saschwartz@nvfirm.com, 702-385-5544

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

For the purposes of this request for production of documents, the following definitions shall apply:

1.      "Bankruptcy Case" means that certain involuntary chapter 7 bankruptcy cased filed on April 5, 2011, before the United States Bankruptcy Court for the District of Nevada, Case No. 11-15010-MKN.

2.      "Bankruptcy Code" means 11 U.S.C. §§ 101, *et seq*., as amended.

3.      "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

4.      "Blixseth" means Timothy L. Blixseth.

5.      "CFTB" means the California Franchise Tax Board and any of its Related Entities.

6.      "Complaint" means that certain Complaint of Timothy L. Blixseth, dated February 10, 2011, appealing an adverse determination of the Montana Department of Revenue Office of Dispute Resolution, with respect to the Taxpayer's 2002 through 2006 Montana state income tax liability.

7.      "Correspondence" shall include the transmittal of information and includes original and non-identical copies of all Documents, as defined herein, sent or received by any person, as well as any Documents reflecting or recording the content of any oral, written or other communications in any form (including, without limitation, interoffice and intraoffice memoranda, e-mail, facsimiles, and other communications).

8.      "Defendant" means the Montana Department of Revenue and any of its Related Entities.

9.      "Document" or "documents" include, without limiting the generality of their meaning, all written, printed, recorded, electronic, digital, or graphic matter, photographic matter or sound reproductions, however produced, reproduced, or maintained (including on individual computers, servers, back-up disks, clouds, or other remote data-storage locations or methods), pertaining in any manner to the subject matter indicated.  "Documents" include originals or copies, where originals are unavailable, and nonidentical copies (whether different from originals by reason of notation made on

such copies or otherwise), and whether in paper, electronic, digital, audio, visual or other format; documents maintained in digital format shall be produced in native digital format with original metadata and header information.  "Documents" specifically include but are not limited to correspondence, letters, notes, minutes of meetings, memoranda, interoffice communications, data base files, facsimile transmissions, email messages and files including metadata, text messages, telephone messages, cellular phone logs, voice mail messages, sign-in or log sheets, studies, analyses, reports, summaries and results of investigations and tests, reviews, contracts, agreements, working papers, tax returns, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, invoices, receipts, computer data, stenographers' notebooks, manuals, directives, bulletins, calendars and appointment books, diaries, maps, charts, photographs, plats, drawings or other graphic representations, logs, investigators' reports or papers similar to any of the foregoing, however denominated, but specifically excluding all materials that would be responsive to these requests but for the fact that they are protected from disclosure and production due to the application of a privilege recognized by the laws of the State of Nevada; in that case, an appropriate, rule-compliant privilege log must be provided.

10.    "Involuntary Petition" means that certain Chapter 7 Involuntary Petition, filed by Defendant against Blixseth, before the United States Bankruptcy Court for the District of Nevada, Case No. 11-15010-MKN, Docket No. 1.

11.    "May 16, 2011 Breach Letter" means the letter sent from counsel for Blixseth to Todd Bailey counsel for You on or around May 16, 2011, attached as **Exhibit 1** hereto.

12.    "Related Entities" means any affiliate as defined in Section 101(2) of the Bankruptcy Code.

13.    "You" and "your" means the Idaho State Tax Commission, and any entity in which you have an ownership interest or are a representative of, including, any other governmental agency for the State of Idaho.

# INSTRUCTIONS

You are instructed to produce all Documents and things described above which are within your possession, custody or control.  For the purpose of this request, a Document shall be deemed within your possession, custody or control if it is in your physical possession or custody or you have the legal right to obtain it.  Thus, this request reaches not only all Documents within your physical possession or custody (and your agents or employees) but also all Documents within the possession or custody of people or entities over whom you have control, such as secretaries, subordinates, attorneys, accounts, agents, affiliates, subsidiaries and associated companies.  If you have knowledge of the existence of documents described in the schedule but contend that they are not with your possession, custody or control, you are instructed to provide the following information:

(1)    Describe the Documents in as much detail and with as much particularity as possible;

(2)    Identify the person or entity believed by you to have possession or custody of the Documents at this time;

(3)    Identify each person or entity believed by you to have possession or custody of any copies of the Documents at this time; and

(4)    Describe in detail and with particularity the efforts, if any, you have made to obtain possession or custody of the Documents.

If you contend that any Document described in the schedule is privileged or otherwise beyond the scope of Rule 26 of the Federal Rules of Civil Procedure and not subject to production, you are instructed to identify that document providing the following information:

(1)    State the date and title of the Document;

(2)    State the name and address of all persons who you believe to have the Document, or a copy thereof, in their possession or control; and

(3)    State every objection you have and grounds therefore against producing the Document in response to this request.

If you contend that only a portion of a Document described in the schedule is privileged or

otherwise not subject to production, you are instructed to produce a copy of the entire Document deleting that portion deemed privileged or otherwise not subject to production.  To the extent the deleted portion of the Document does not do so, you are instructed to provide the same information, which would be provided if the entire document were not produced.

## DOCUMENTS REQUESTED

1.      All Documents and Correspondence exchanged between You, Your employees and/or agents, and/or Your Related Entities and/or Steve Bullock, Dan Bucks, Kim Davis, Keith Jones, Spencer Marks, Joel Silverman, Marc S. Kirschner, Lynn H. Butler, Paul Moore, Brian Schweitzer, Franklin Hall, Brian Glasser, Kevin Barrett, Todd Bailey, Brian Nicholas, and/or Teresa Whitney, related to the Involuntary Petition or the Bankruptcy Case.

2.      All Documents and Correspondence exchanged between You, Your employees and/or agents, and/or Your Related Entities and/or Steve Bullock, Dan Bucks, Kim Davis, Keith Jones, Spencer Marks, Joel Silverman, Marc S. Kirschner, Lynn H. Butler, Paul Moore, Brian Schweitzer, Franklin Hall, Brian Glasser, Kevin Barrett, Todd Bailey, Brian Nicholas, and/or Teresa Whitney, related to the May 16, 2011 Breach Letter.

3.      All Documents and Correspondence related to You and/or Your Related Entities entering into, drafting, and/or finalizing the Involuntary Petition, including any and all correspondence between You, Your employees and/or agents, Your Related Entities, the CFTB or the Defendant related to the Involuntary Petition or the Bankruptcy Case.

4.      All Documents and Correspondence exchanged between You, Your employees and/or agents, and/or Your Related Entities and the CFTB or the Defendant related to the Involuntary Petition or the Bankruptcy Case.

5.      Any and all drafts of agreements, contracts or memoranda exchanged between You, Your employees, agents, and/or attorneys, Your Related Entities, the CFTB or the Defendant.

6.      Any and all drafts of the Involuntary Petition exchanged between You, Your employees, agents, and/or attorneys, Your Related Entities, the CFTB or the Defendant.

7.      Any and all drafts of any pleadings exchanged between You, Your employees, agents,

and/or attorneys, Your Related Entities, the CFTB or the Defendant relating to the Bankruptcy Case.

8.      All Documents and Correspondence between You, Your employees and/or agents, Your Related Entities, the CFTB or the Defendant, related to the drafting, finalizing or execution of any and all settlement agreements with Blixseth or Your withdrawal from the Involuntary Petition.

# Exhibit 1

VIA MAIL, FAX AND EMAIL
(Todd.Bailey@ftb.ca.gov)

May 16, 2011

**Christopher J. Conant, Esq.**
**cconant@conantlawyers.com**

730 17th Street, Suite 200
Denver, CO 80202
Phone: (303) 298-1800


California Franchise Tax Board
Legal Division MS A260
Attn: Todd Bailey
P.O. Box 1720
Rancho Cordova, CA 95741-1720
Fax: 916.845.5607
Todd.Bailey@ftb.ca.gov

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Re:  Notice of Breach of Settlement Agreement by the State of California; Demand for Cure;
U.S. Bankruptcy Court for the District of Nevada, Case No. 11-15010 ("**Bankruptcy Case**")

Dear Mr. Bailey:

This letter is to inform you that Lynn Butler of Brown McCarroll, LLP as counsel of record for the State of California in the above-referenced bankruptcy case has caused the State of California to breach its obligations under the Settlement Agreement between it and Mr. Blixseth. As a result of the breaches described herein, Mr. Blixseth demands that the State of California take the following actions to cure its breaches:

    1.      File a notice in the Bankruptcy Case stating the following:

        (a)      that the State of California's counsel of record in that case was not authorized to make the below described representations on behalf of the State of California;

        (b)      that the State of California repudiates all the below described representations that its counsel of record made on behalf of the State of

California;

(c)    that the State of California reaffirms its withdrawal as a petitioning creditor <u>nunc pro tunc</u>;

(d)    that the State of California settled with Mr. Blixseth and bargained for waivers and releases of liability from Mr. Blixseth because it realized that it was exposed to liability under 11 U.S.C. § 303(i) for being a petitioning creditor.  The State of California believed that the other petitioning creditors were bona fide creditors based on information that it received from Dan Bucks, Lynn Butler and representatives of the Yellowstone Club Liquidating Trust.  It turned out that the information that these parties provided to the State of California was inaccurate and therefore the State of California decided to settle with Mr. Blixseth and withdraw from the Bankruptcy Case.

2.    File a statement of non-opposition to Mr. Blixseth's pending motion to dismiss the involuntary bankruptcy case.

In the following ways, counsel of record for the State of California has breached the State's Settlement Agreement obligations owed to Mr. Blixseth.

Section (8) of the Settlement Agreement between Mr. Blixseth and California specifically requires California to "not file any document opposing dismissal …."  Section (4) of the Settlement Agreement provides that California will no longer participate in the Bankruptcy Case and that it will withdraw from participating.

Notwithstanding these contractual obligations that California owed to Mr. Blixseth, Mr. Butler acted on behalf of California to breach these duties.  Specifically, at the April 18, 2011 hearing in the Bankruptcy Case, Mr. Butler started his oral argument in opposition to Mr. Blixseth's motion to dismiss by representing to the Court that he was appearing on behalf of all three petitioning creditors and then proceeded to defend the involuntary petition on behalf of all three petitioning creditors.  <u>See</u> April 22 Hearing Transcript at p. 4:12-17 (enclosed with letter sent via email).  Mr. Butler made this representation even though California was obligated to not participate in anyway in the Bankruptcy Case and to not oppose Mr. Blixseth's efforts to dismiss the involuntary petition.

Further, in the opposition to Mr. Blixseth's Renewed Motion to Dismiss filed by Mr. Butler and his local counsel, he again purported to make representations on behalf of California in an effort to defeat dismissal of the involuntary petition.  See MDOR Response [Docket No. 74] at pp. 3:13-24; 7:2-5; 9:7-9; 10, fn. 4; 10:22-11:4; 10:3-9 (enclosed with letter sent via email).

As a result of the aforementioned breaches, the State of California has put Mr. Blixseth in a position that he specifically bargained out of through the Settlement Agreement.  In other words, through its counsel of record, the State of California has failed to provide Mr. Blixseth with the consideration for which he bargained in the Settlement Agreement.

Accordingly, Mr. Blixseth hereby demands that the State of California cure the aforementioned breaches of its Settlement Agreement in the manner described above.  Mr. Blixseth demands that you cure these breaches prior to the May 18, 2011 hearing on his Renewed Motion to Dismiss.

Sincerely,

_____
Christopher J. Conant, Esq.

Cc:    Brett Axelrod

       Michael J. Flynn

       Timothy L. Blixseth

**EXHIBIT B**

**DECLARATION OF RECORDS OF**

**CALIFORNIA FRANCHISE TAX BOARD**

_____ (print name) declares as follows:

1.      I am a United States citizen, and I am over 18 years of age. This declaration is made of my own personal knowledge except where stated on information and belief. As to those matters, I believe them to be true.

2.      On or about _____, 2020, I was served with a Subpoena For Rule 2004 Examination (the "**Subpoena**") in the case of In Re: Timothy L. Blixseth, Bankruptcy Case No.: 11-15010-MKN, calling for the production of records in said matter.

3.      <u>Check one of the following</u>:

      a.      _____    I do not have any documents that are responsive to the Subpoena.

      b.      _____    To the best of my knowledge, I have made or caused to be made true and exact copies of all of the records in my possession that are responsive to the Subpoena and the reproductions of those records were produced by California Franchise Tax Board, on _____, 2020.

4.      The originals of the records produced were made at or near the time of the acts, events, conditions, opinions, or diagnoses recited therein by or from information transmitted by a person with knowledge, in the course of a regularly-conducted activity.

5.      <u>Check one of the following</u>:

      a.    If this declaration is executed within the State of Nevada:

   _____ I declare under penalty of perjury that the foregoing is true and correct.

      b.    If this declaration is executed outside the State of Nevada:

   _____ I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

*{Signature Page to Follow}*

Executed on _____, 2020.

_____

By:

Title:

# UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF NEVADA

In re:

Timothy L. Blixseth,

Alleged Debtor.

Case No. 11-15010-mkn

Chapter 7

ECF Docket Reference No. 756

## DECLARATION OF MAILING CERTIFICATE OF SERVICE

On 8/7/2020, I did cause a copy of the following document, described below.

AMENDED NOTICE OF INTENT TO SERVE SUBPOENA FOR RULE 2004 EXAMINATION TO CALIFORNIA FRANCHISE TAX BOARD, ECF Docket Reference No. 756

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/7/2020

By: /s/ Samuel A. Schwartz_____
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Schwartz Law, PLLC
601 E. Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
*Attorneys for the Alleged Debtor*

## UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF NEVADA

In re:

Timothy L. Blixseth,

Alleged Debtor.

Case No. 11-15010-mkn

Chapter 7

ECF Docket Reference No. 756

## CERTIFICATE OF SERVICE DECLARATION OF MAILING

On 8/7/2020, I did cause a copy of the following document, described below.

AMENDED NOTICE OF INTENT TO SERVE SUBPOENA FOR RULE 2004 EXAMINATION TO CALIFORNIA FRANCHISE TAX BOARD, ECF Docket Reference No. 756

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/7/2020

*Stephanie Delgado*

Stephanie Delgado
c/o Stretto
410 Exchange, Ste 100
Irvine, CA 92602

I CERTIFY THAT ON AUGUST 3, 2010, I CAUSED A COPY OF AMENDED NOTICE OF INTENT TO ISSUE SUBPOENA OR OF EXAMINATION OF CALIFORNIA
FRANCHISE TAX BOARD TO BE SERVED BY FIRST CLASS, UNITED STATES MAIL SERVICE, WITH ADEQUATE POSTAGE TO ENSURE DELIVERY TO:

Todd M. Bailey
California Franchise Tax Board
Legal Division
PO Box 1720
Rancho Cordova, CA  95741-1720

# Exhibit 2

# SCHWARTZ LAW

**Emily D. Anderson, Esq.**
office: 702.385.5544
601 E. Bridger Avenue
Las Vegas, NV. 89101

October 8, 2020

**Via Electronic Mail and U.S. Regular Mail**
Todd.bailey@ftb.ca.gov

Todd M. Bailey, Esq.
California Franchise Tax Board
Legal Division MS A260
P.O. Box 1720
Rancho Cordova, CA  95741-1740

      Re:     In re: Timothy L. Blixseth
              Case No. 11-15010-mkn

Dear Mr. Bailey:

As you may be aware, my office represents Timothy L. Blixseth ("**Mr. Blixseth**") in the Nevada proceedings relating to the involuntary petition (the "**IP**") filed on April 5, 2011 by the Montana Department of Revenue, the Idaho State Tax Commission, and, the entity you represent, the California Franchise Tax Board (the "**Petitioning Creditors**").

Since the Bankruptcy Court dismissed the IP on July 10, 2013, Mr. Blixseth has waited for the opportunity to pursue his statutory remedy against the Petitioning Creditors for the IP.  Finally, on November 26, 2019, the Ninth Circuit affirmed Judge Markell's dismissal of the IP.  In furtherance of Mr. Blixseth's pursuit of his statutory remedy pursuant to 11 U.S.C. 303(i), Mr. Blixseth sent via U.S. Mail a subpoena duces tecum to the California Franchise Tax Board on August 7, 2020 (the "**Document Subpoena**").[1]

Since that time, my office has received no communications from the California Franchise Tax Board regarding the Document Subpoena.  As a result of the California Franchise Tax Board's failure to respond, Mr. Blixseth intends to move the Bankruptcy Court to compel the California Franchise Tax Board to respond and will request attorneys' fee and costs.  Accordingly, Mr. Blixseth requests a meet and confer pursuant to LR 7037(b).  Please respond to this correspondence **on or before October 15, 2020.**  Should the California Franchise Tax Board continue its refusal to participate in discovery, Mr. Blixseth will move for court intervention.

Sincerely,

/s/ Emily D. Anderson
Emily D. Anderson, Esq.

---

[1]  Attached for your convenience.

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Schwartz Law, PLLC
601 Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
saschwartz@nvfirm.com
*Attorneys for the Alleged Debtor*

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No. 11-15010-mkn |
| | ) | |
| Timothy L. Blixseth, | ) | Chapter 7 |
| | ) | |
| Alleged Debtor. | ) | |
| | ) | |

### *AMENDED[1]* NOTICE OF INTENT TO SERVE SUBPOENA FOR RULE 2004 EXAMINATION TO CALIFORNIA FRANCHISE TAX BOARD

Pursuant to Rule 9016, Fed. R. Bankr. P. and Rule 45(a)(4), Fed. R. Civ. P., all parties are hereby notified that Timothy Blixseth, the Alleged Debtor in the above-captioned matter ("**Alleged Debtor**"), through his attorney of record, Schwartz Law, PLLC, has issued and will serve a Subpoena for Rule 2004 Examination upon the California Franchise Tax Board for production of the documents listed on **Exhibit A** of the attached subpoena.

A copy of the subpoena is attached hereto. The subpoena does not require testimony from the California Franchise Tax Board.

Dated this 7th day of August, 2020.

By: /s/ Samuel A. Schwartz____
    Samuel A. Schwartz, Esq.
    Nevada Bar No. 10985
    Schwartz Law, PLLC

    *Attorneys for the Alleged Debtor*

---

[1] Amendment is as to Paragraph 11 of the Definitions only.

Page 1 of 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system on August 7, 2020, the following:

BRETT A. AXELROD on behalf of Plaintiff TIMOTHY L BLIXSETH
baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com

LUIS A. AYON on behalf of Alleged Debtor TIMOTHY L BLIXSETH
laa@ayonlaw.com

KEVIN W. BARRETT on behalf of Creditor YELLOW STONE CLUB LIQUIDATING TRUST
kbarrett@baileyglasser.com, pwilson@baileyglasser.com;tbasdekis@baileyglasser.com

LYNN HAMILTON BUTLER on behalf of Petitioning Creditor MONTANA DEPARTMENT OF REVENUE
lynn.butler@huschblackwell.com,
penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com

CANDACE C CARLYON on behalf of Creditors ANGUS A. MACNAUGHTON, DAVID M. STANTON, EDGAR A. RAININ, GARY DI SILVESTRI, JAMES T. DOLAN, ROBERT CHING, THOMAS W. HOOK, YOAV RUBINSTEIN,
ccarlyon@carlyoncica.com,
CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com

DAVID B. COTNER on behalf of Interested Parties DAVID B. COTNER and RICHARD J. SAMSON
dcotner@dmllaw.com

LARS EVENSEN on behalf of Creditors YELLOWSTONE CLUB LIQUIDATING TRUST, MARK S. KIRSCHNER and MARC S. KIRSCHNER
lkevensen@hollandhart.com, cabowman@hollandhart.com

MARK J. GARDBERG on behalf of Petitioning Creditor MONTANA DEPARTMENT OF REVENUE
mg@h2law.com, sg@h2law.com

MARK H. GUNDERSON on behalf of Creditors 395 LAMPE, LLC, EDGEWOOD COMMERCIAL VILLAGE, LLC,  and THE PRIM 1988 REVOCABLE
cstockwell@gundersonlaw.com

JOHN H. GUTKE on behalf of Plaintiff TIMOTHY L BLIXSETH
jgutke@gutkelaw.com

JEFFREY L HARTMAN on behalf of Creditors 395 LAMPE, LLC, EDGEWOOD
COMMERCIAL VILLAGE, LLC and THE PRIM 1988 REVOCABLE
notices@bankruptcyreno.com, abg@bankruptcyreno.com

STEVEN L. HOARD on behalf of Creditor YELLOW STONE CLUB LIQUIDATING TRUST
shoard@mhba.com

IDAHO STATE TAX COMMISSION ( pt)
sandi.meikle@tax.idaho.gov

KEITH A JONES on behalf of Petitioning Creditor MONTANA DEPARTMENT OF
REVENUE
elizabethroberts@mt.gov, mgohn@mt.gov;evanestrada@mt.gov

ANNE M. LORADITCH on behalf of Alleged Debtor TIMOTHY L BLIXSETH
aloraditch@bachlawfirm.com, sandra.herbstreit@bachlawfirm.com;jbach@bachlawfirm.com

SUMMER M SHAW on behalf of Alleged Debtor TIMOTHY L BLIXSETH
ss@shaw.law

RACHEL R. SILVERSTEIN on behalf of Alleged Debtor TIMOTHY L BLIXSETH
amwilson@foxrothschild.com

ROLLIN G. THORLEY on behalf of Creditor IRS
rollin.g.thorley@irscounsel.treas.gov

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Nevada___

In re ___Timothy L. Blixseth___
**Alleged** Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. ___11-15010-MKN___

Chapter ___7___

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  ___California Franchise Tax Board___
*(Name of person to whom the subpoena is directed)*

[x] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Schwartz Law, PLLC, 601 E. Bridger Ave., Las Vegas, NV 89101 | September 11, 2020 at 9:00 a.m. PST |

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___8/7/2020___

CLERK OF COURT

OR

_____          ___/s/ Samuel A. Schwartz___
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Timothy L. Blixseth_____ , who issues or requests this subpoena, are:  Samuel A. Schwartz, Esq., Schwartz Law, PLLC, 601 E. Bridger Ave., Las Vegas, NV 89101, saschwartz@nvfirm.com, 702-385-5544

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

For the purposes of this request for production of documents, the following definitions shall apply:

1.      "Bankruptcy Case" means that certain involuntary chapter 7 bankruptcy cased filed on April 5, 2011, before the United States Bankruptcy Court for the District of Nevada, Case No. 11-15010-MKN.

2.      "Bankruptcy Code" means 11 U.S.C. §§ 101, *et seq*., as amended.

3.      "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

4.      "Blixseth" means Timothy L. Blixseth.

5.      "CFTB" means the California Franchise Tax Board and any of its Related Entities.

6.      "Complaint" means that certain Complaint of Timothy L. Blixseth, dated February 10, 2011, appealing an adverse determination of the Montana Department of Revenue Office of Dispute Resolution, with respect to the Taxpayer's 2002 through 2006 Montana state income tax liability.

7.      "Correspondence" shall include the transmittal of information and includes original and non-identical copies of all Documents, as defined herein, sent or received by any person, as well as any Documents reflecting or recording the content of any oral, written or other communications in any form (including, without limitation, interoffice and intraoffice memoranda, e-mail, facsimiles, and other communications).

8.      "Defendant" means the Montana Department of Revenue and any of its Related Entities.

9.      "Document" or "documents" include, without limiting the generality of their meaning, all written, printed, recorded, electronic, digital, or graphic matter, photographic matter or sound reproductions, however produced, reproduced, or maintained (including on individual computers, servers, back-up disks, clouds, or other remote data-storage locations or methods), pertaining in any manner to the subject matter indicated.  "Documents" include originals or copies, where originals are unavailable, and nonidentical copies (whether different from originals by reason of notation made on

such copies or otherwise), and whether in paper, electronic, digital, audio, visual or other format; documents maintained in digital format shall be produced in native digital format with original metadata and header information. "Documents" specifically include but are not limited to correspondence, letters, notes, minutes of meetings, memoranda, interoffice communications, data base files, facsimile transmissions, email messages and files including metadata, text messages, telephone messages, cellular phone logs, voice mail messages, sign-in or log sheets, studies, analyses, reports, summaries and results of investigations and tests, reviews, contracts, agreements, working papers, tax returns, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, invoices, receipts, computer data, stenographers' notebooks, manuals, directives, bulletins, calendars and appointment books, diaries, maps, charts, photographs, plats, drawings or other graphic representations, logs, investigators' reports or papers similar to any of the foregoing, however denominated, but specifically excluding all materials that would be responsive to these requests but for the fact that they are protected from disclosure and production due to the application of a privilege recognized by the laws of the State of Nevada; in that case, an appropriate, rule-compliant privilege log must be provided.

10. "Involuntary Petition" means that certain Chapter 7 Involuntary Petition, filed by Defendant against Blixseth, before the United States Bankruptcy Court for the District of Nevada, Case No. 11-15010-MKN, Docket No. 1.

11. "May 16, 2011 Breach Letter" means the letter sent from counsel for Blixseth to Todd Bailey counsel for You on or around May 16, 2011, attached as **Exhibit 1** hereto.

12. "Related Entities" means any affiliate as defined in Section 101(2) of the Bankruptcy Code.

13. "You" and "your" means the Idaho State Tax Commission, and any entity in which you have an ownership interest or are a representative of, including, any other governmental agency for the State of Idaho.

## INSTRUCTIONS

You are instructed to produce all Documents and things described above which are within your possession, custody or control.  For the purpose of this request, a Document shall be deemed within your possession, custody or control if it is in your physical possession or custody or you have the legal right to obtain it.  Thus, this request reaches not only all Documents within your physical possession or custody (and your agents or employees) but also all Documents within the possession or custody of people or entities over whom you have control, such as secretaries, subordinates, attorneys, accounts, agents, affiliates, subsidiaries and associated companies.  If you have knowledge of the existence of documents described in the schedule but contend that they are not with your possession, custody or control, you are instructed to provide the following information:

(1)     Describe the Documents in as much detail and with as much particularity as possible;

(2)     Identify the person or entity believed by you to have possession or custody of the Documents at this time;

(3)     Identify each person or entity believed by you to have possession or custody of any copies of the Documents at this time; and

(4)     Describe in detail and with particularity the efforts, if any, you have made to obtain possession or custody of the Documents.

If you contend that any Document described in the schedule is privileged or otherwise beyond the scope of Rule 26 of the Federal Rules of Civil Procedure and not subject to production, you are instructed to identify that document providing the following information:

(1)     State the date and title of the Document;

(2)     State the name and address of all persons who you believe to have the Document, or a copy thereof, in their possession or control; and

(3)     State every objection you have and grounds therefore against producing the Document in response to this request.

If you contend that only a portion of a Document described in the schedule is privileged or

otherwise not subject to production, you are instructed to produce a copy of the entire Document deleting that portion deemed privileged or otherwise not subject to production.  To the extent the deleted portion of the Document does not do so, you are instructed to provide the same information, which would be provided if the entire document were not produced.

## DOCUMENTS REQUESTED

1.      All Documents and Correspondence exchanged between You, Your employees and/or agents, and/or Your Related Entities and/or Steve Bullock, Dan Bucks, Kim Davis, Keith Jones, Spencer Marks, Joel Silverman, Marc S. Kirschner, Lynn H. Butler, Paul Moore, Brian Schweitzer, Franklin Hall, Brian Glasser, Kevin Barrett, Todd Bailey, Brian Nicholas, and/or Teresa Whitney, related to the Involuntary Petition or the Bankruptcy Case.

2.      All Documents and Correspondence exchanged between You, Your employees and/or agents, and/or Your Related Entities and/or Steve Bullock, Dan Bucks, Kim Davis, Keith Jones, Spencer Marks, Joel Silverman, Marc S. Kirschner, Lynn H. Butler, Paul Moore, Brian Schweitzer, Franklin Hall, Brian Glasser, Kevin Barrett, Todd Bailey, Brian Nicholas, and/or Teresa Whitney, related to the May 16, 2011 Breach Letter.

3.      All Documents and Correspondence related to You and/or Your Related Entities entering into, drafting, and/or finalizing the Involuntary Petition, including any and all correspondence between You, Your employees and/or agents, Your Related Entities, the CFTB or the Defendant related to the Involuntary Petition or the Bankruptcy Case.

4.      All Documents and Correspondence exchanged between You, Your employees and/or agents, and/or Your Related Entities and the CFTB or the Defendant related to the Involuntary Petition or the Bankruptcy Case.

5.      Any and all drafts of agreements, contracts or memoranda exchanged between You, Your employees, agents, and/or attorneys, Your Related Entities, the CFTB or the Defendant.

6.      Any and all drafts of the Involuntary Petition exchanged between You, Your employees, agents, and/or attorneys, Your Related Entities, the CFTB or the Defendant.

7.      Any and all drafts of any pleadings exchanged between You, Your employees, agents,

and/or attorneys, Your Related Entities, the CFTB or the Defendant relating to the Bankruptcy Case.

8.    All Documents and Correspondence between You, Your employees and/or agents, Your Related Entities, the CFTB or the Defendant, related to the drafting, finalizing or execution of any and all settlement agreements with Blixseth or Your withdrawal from the Involuntary Petition.

# Exhibit 1

VIA MAIL, FAX AND EMAIL
(Todd.Bailey@ftb.ca.gov)

**Christopher J. Conant, Esq.**
**cconant@conantlawyers.com**

May 16, 2011

730 17th Street, Suite 200
Denver, CO 80202
Phone: (303) 298-1800

California Franchise Tax Board
Legal Division MS A260
Attn: Todd Bailey
P.O. Box 1720
Rancho Cordova, CA 95741-1720
Fax: 916.845.5607
Todd.Bailey@ftb.ca.gov

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Re:  Notice of Breach of Settlement Agreement by the State of California; Demand for Cure;
U.S. Bankruptcy Court for the District of Nevada, Case No. 11-15010 ("**Bankruptcy Case**")

Dear Mr. Bailey:

      This letter is to inform you that Lynn Butler of Brown McCarroll, LLP as counsel of record for the State of California in the above-referenced bankruptcy case has caused the State of California to breach its obligations under the Settlement Agreement between it and Mr. Blixseth. As a result of the breaches described herein, Mr. Blixseth demands that the State of California take the following actions to cure its breaches:

    1.     File a notice in the Bankruptcy Case stating the following:

        (a)     that the State of California's counsel of record in that case was not authorized to make the below described representations on behalf of the State of California;

        (b)     that the State of California repudiates all the below described representations that its counsel of record made on behalf of the State of

California;

(c)    that the State of California reaffirms its withdrawal as a petitioning creditor <u>nunc pro tunc</u>;

(d)    that the State of California settled with Mr. Blixseth and bargained for waivers and releases of liability from Mr. Blixseth because it realized that it was exposed to liability under 11 U.S.C. § 303(i) for being a petitioning creditor. The State of California believed that the other petitioning creditors were bona fide creditors based on information that it received from Dan Bucks, Lynn Butler and representatives of the Yellowstone Club Liquidating Trust. It turned out that the information that these parties provided to the State of California was inaccurate and therefore the State of California decided to settle with Mr. Blixseth and withdraw from the Bankruptcy Case.

2.    File a statement of non-opposition to Mr. Blixseth's pending motion to dismiss the involuntary bankruptcy case.

In the following ways, counsel of record for the State of California has breached the State's Settlement Agreement obligations owed to Mr. Blixseth.

Section (8) of the Settlement Agreement between Mr. Blixseth and California specifically requires California to "not file any document opposing dismissal ...." Section (4) of the Settlement Agreement provides that California will no longer participate in the Bankruptcy Case and that it will withdraw from participating.

Notwithstanding these contractual obligations that California owed to Mr. Blixseth, Mr. Butler acted on behalf of California to breach these duties. Specifically, at the April 18, 2011 hearing in the Bankruptcy Case, Mr. Butler started his oral argument in opposition to Mr. Blixseth's motion to dismiss by representing to the Court that he was appearing on behalf of all three petitioning creditors and then proceeded to defend the involuntary petition on behalf of all three petitioning creditors. <u>See</u> April 22 Hearing Transcript at p. 4:12-17 (enclosed with letter sent via email). Mr. Butler made this representation even though California was obligated to not participate in anyway in the Bankruptcy Case and to not oppose Mr. Blixseth's efforts to dismiss the involuntary petition.

Further, in the opposition to Mr. Blixseth's Renewed Motion to Dismiss filed by Mr. Butler and his local counsel, he again purported to make representations on behalf of California in an effort to defeat dismissal of the involuntary petition. See MDOR Response [Docket No. 74] at pp. 3:13-24; 7:2-5; 9:7-9; 10, fn. 4; 10:22-11:4; 10:3-9 (enclosed with letter sent via email).

As a result of the aforementioned breaches, the State of California has put Mr. Blixseth in a position that he specifically bargained out of through the Settlement Agreement.  In other words, through its counsel of record, the State of California has failed to provide Mr. Blixseth with the consideration for which he bargained in the Settlement Agreement.

Accordingly, Mr. Blixseth hereby demands that the State of California cure the aforementioned breaches of its Settlement Agreement in the manner described above.  Mr. Blixseth demands that you cure these breaches prior to the May 18, 2011 hearing on his Renewed Motion to Dismiss.

Sincerely,


_____

Christopher J. Conant, Esq.


Cc:    Brett Axelrod

       Michael J. Flynn

       Timothy L. Blixseth

**EXHIBIT B**

**DECLARATION OF RECORDS OF**

**CALIFORNIA FRANCHISE TAX BOARD**

_____ (print name) declares as follows:

1.      I am a United States citizen, and I am over 18 years of age. This declaration is made of my own personal knowledge except where stated on information and belief. As to those matters, I believe them to be true.

2.      On or about _____, 2020, I was served with a Subpoena For Rule 2004 Examination (the "**Subpoena**") in the case of In Re: Timothy L. Blixseth, Bankruptcy Case No.: 11-15010-MKN, calling for the production of records in said matter.

3.      <u>Check one of the following</u>:

        a.      _____ I do not have any documents that are responsive to the Subpoena.

        b.      _____ To the best of my knowledge, I have made or caused to be made true and exact copies of all of the records in my possession that are responsive to the Subpoena and the reproductions of those records were produced by California Franchise Tax Board, on _____, 2020.

4.      The originals of the records produced were made at or near the time of the acts, events, conditions, opinions, or diagnoses recited therein by or from information transmitted by a person with knowledge, in the course of a regularly-conducted activity.

5.      <u>Check one of the following</u>:

        a.      If this declaration is executed within the State of Nevada:

 _____ I declare under penalty of perjury that the foregoing is true and correct.

        b.      If this declaration is executed outside the State of Nevada:

 _____ I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

*{Signature Page to Follow}*

Executed on _____, 2020.


_____

By:

Title:

# UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF NEVADA

In re:

      Timothy L. Blixseth,

                  Alleged Debtor.

Case No. 11-15010-mkn

Chapter 7

ECF Docket Reference No. 756

## DECLARATION OF MAILING CERTIFICATE OF SERVICE

On 8/7/2020, I did cause a copy of the following document, described below.

AMENDED NOTICE OF INTENT TO SERVE SUBPOENA FOR RULE 2004 EXAMINATION TO CALIFORNIA FRANCHISE TAX BOARD, ECF Docket Reference No. 756

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/7/2020

By: /s/ Samuel A. Schwartz_____
    Samuel A. Schwartz, Esq.
    Nevada Bar No. 10985
    Schwartz Law, PLLC
    601 E. Bridger Avenue
    Las Vegas, Nevada 89101
    Telephone: (702) 385-5544
    *Attorneys for the Alleged Debtor*

# UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF NEVADA

In re:                                           Case No. 11-15010-mkn

    Timothy L. Blixseth,                        Chapter 7

        Alleged Debtor.

                                 ECF Docket Reference No. 756

## CERTIFICATE OF SERVICE DECLARATION OF MAILING

On 8/7/2020, I did cause a copy of the following document, described below.

AMENDED NOTICE OF INTENT TO SERVE SUBPOENA FOR RULE 2004 EXAMINATION TO CALIFORNIA FRANCHISE TAX BOARD, ECF Docket Reference No. 756

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/7/2020

*Stephanie Delgado*

Stephanie Delgado
c/o Stretto
410 Exchange, Ste 100
Irvine, CA 92602

I CERTIFY THAT ON AUGUST 1, 2010, I CAUSED A COPY OF AMENDED NOTICE OF INTENT TO SEEK SUBPOENA FOR RULE 2004 EXAMINATION OF CALIFORNIA FRANCHISE TAX BOARD TO BE SERVED BY FIRST CLASS, UNITED STATES MAIL SERVICE, WITH ADEQUATE POSTAGE TO ENSURE DELIVERY TO:

Todd M. Bailey
California Franchise Tax Board
Legal Division
PO Box 1720
Rancho Cordova, CA  95741-1720

# Exhibit 3

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Schwartz Law, PLLC
601 Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
saschwartz@nvfirm.com
*Attorneys for the Alleged Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No. 11-15010-mkn |
| | ) | |
| Timothy L. Blixseth, | ) | Chapter 7 |
| | ) | |
| Alleged Debtor. | ) | |
| —————————————————————— | ) | |

### DECLARATION OF EMILY D. ANDERSON, ESQ. IN SUPPORT
### OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS
### AND FOR CONTEMPT SANCTIONS PURSUANT TO FRCP 45(G)

I, Emily D. Anderson, Esq., declare under penalty of perjury as follows:

1.     I am an attorney duly licensed to practice law in, among other states, the State of Nevada.  I am an associate attorney with Schwartz Law, PLLC and counsel to captioned Alleged Debtor, Timothy L. Blixseth.

2.     I submit this declaration in support of the Motion to Compel Production of Documents and for Contempt Sanctions Pursuant to FRCP 45(g).

3.     On October 26, 2020, I directed the firm's paralegal to attempt to make contact with counsel for CFTB.  She was told that CFTB did not have a phone number for Todd M. Bailey.

4.     I then left a voicemail for the so-called litigation department of CFTB and have not yet received a response.

5.     Since serving the Subpoena on August 7, 2020, neither I nor my colleagues have received correspondence from the CFTB.

6.     Attached to the Motion as Exhibit 1 is a true and correct copy of the *Amended Notice of Intent to Serve Subpoena for Rule 2004 Examination* (the "**Subpoena**").

7.    Attached to the Motion as <u>Exhibit 2</u> is a true and correct copy of the *Correspondence to CFTB dated October 8, 2020* (the "**Subpoena Correspondence**").

Executed on October 26, 2020 in Las Vegas, Nevada.

<u>/s/ Emily D. Anderson</u>
Emily D. Anderson

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via

the Court's CM/ECF system on October 26, 2020, the following:

BRETT A. AXELROD on behalf of Plaintiff TIMOTHY L BLIXSETH
baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com

LUIS A. AYON on behalf of Alleged Debtor TIMOTHY L BLIXSETH
laa@ayonlaw.com

KEVIN W. BARRETT on behalf of Creditor YELLOW STONE CLUB LIQUIDATING TRUST
kbarrett@baileyglasser.com, pwilson@baileyglasser.com;tbasdekis@baileyglasser.com

LYNN HAMILTON BUTLER on behalf of Petitioning Creditor MONTANA DEPARTMENT OF
REVENUE
lynn.butler@huschblackwell.com,
penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com

CANDACE C CARLYON on behalf of Creditors ANGUS A. MACNAUGHTON, DAVID M.
STANTON, EDGAR A. RAININ, GARY DI SILVESTRI, JAMES T. DOLAN, ROBERT CHING,
THOMAS W. HOOK, YOAV RUBINSTEIN,
ccarlyon@carlyoncica.com,
CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dc
ica@carlyoncica.com

DAVID B. COTNER on behalf of Interested Parties DAVID B. COTNER and RICHARD J.
SAMSON
dcotner@dmllaw.com

LARS EVENSEN on behalf of Creditors YELLOWSTONE CLUB LIQUIDATING TRUST, MARK
S. KIRSCHNER and MARC S. KIRSCHNER
lkevensen@hollandhart.com, cabowman@hollandhart.com

MARK J. GARDBERG on behalf of Petitioning Creditor MONTANA DEPARTMENT OF
REVENUE
mg@h2law.com, sg@h2law.com

MARK H. GUNDERSON on behalf of Creditors 395 LAMPE, LLC, EDGEWOOD COMMERCIAL
VILLAGE, LLC,  and THE PRIM 1988 REVOCABLE
cstockwell@gundersonlaw.com

JOHN H. GUTKE on behalf of Plaintiff TIMOTHY L BLIXSETH
jgutke@gutkelaw.com

4820-9605-7152, v. 1

JEFFREY L HARTMAN on behalf of Creditors 395 LAMPE, LLC, EDGEWOOD COMMERCIAL VILLAGE, LLC and THE PRIM 1988 REVOCABLE
notices@bankruptcyreno.com, abg@bankruptcyreno.com

STEVEN L. HOARD on behalf of Creditor YELLOW STONE CLUB LIQUIDATING TRUST
shoard@mhba.com

IDAHO STATE TAX COMMISSION ( pt)
sandi.meikle@tax.idaho.gov

KEITH A JONES on behalf of Petitioning Creditor MONTANA DEPARTMENT OF REVENUE
elizabethroberts@mt.gov, mgohn@mt.gov;evanestrada@mt.gov

ANNE M. LORADITCH on behalf of Alleged Debtor TIMOTHY L BLIXSETH
aloraditch@bachlawfirm.com, sandra.herbstreit@bachlawfirm.com;jbach@bachlawfirm.com

SUMMER M SHAW on behalf of Alleged Debtor TIMOTHY L BLIXSETH
ss@shaw.law

RACHEL R. SILVERSTEIN on behalf of Alleged Debtor TIMOTHY L BLIXSETH
amwilson@foxrothschild.com

ROLLIN G. THORLEY on behalf of Creditor IRS
rollin.g.thorley@irscounsel.treas.gov

U.S. TRUSTEE - LV - 7
USTPRegion17.LV.ECF@usdoj.gov

# Exhibit 4

1

2

3

4

5

6

7

8    Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
9    Schwartz Law, PLLC
601 Bridger Avenue
10   Las Vegas, Nevada 89101
Telephone: (702) 385-5544
11   saschwartz@nvfirm.com
*Attorneys for the Alleged Debtor*

12

13               **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

14   In re:                                    )    Case No. 11-15010-mkn
                                               )
15   Timothy L. Blixseth,                      )    Chapter 7
                                               )
16                         Alleged Debtor.     )    Hearing Date:
     _____       )    Hearing Time:
17

18               **ORDER GRANTING MOTION TO COMPEL THE PRODUCTION**
        **OF DOCUMENTS AND FOR CONTEMPT SANCTIONS PURSUANT TO FRCP 45(G)**
19

20          Upon consideration of the Motion to Compel the Production of Documents and for

21   Contempt Sanctions Pursuant to FRCP 45(g) (the "**Motion**")[1] of Timothy L. Blixseth, the alleged

22   debtor in the above-referenced action (the "**Alleged Debtor**"), filed on October 23, 2020; and the

23   Court having jurisdiction to consider the Motion and the relief requested therein, consideration;

24   and approval of the Motion being appropriate, due and proper notice of the Motion otherwise

25   being appropriate and adequate under the particular circumstances presented here; and that no

26

27   _____

28   [1]      Any capitalized terms not expressly defined herein shall have the meaning ascribed to those
     terms in the Motion.

1

other further notice is necessary and no objections having been raised; and the Court having found

and determined that the relief sought in the Motion is in the best interests of Alleged Debtor's

bankruptcy estate, Alleged Debtor's creditors, and other parties in interest, and that the legal and

factual bases set forth in the Motion establish good and just cause for the relief granted herein; it

is hereby:

      **ORDERED** that the Motion is **GRANTED**; and it is further

      **ORDERED** that the California Franchise Tax Board shall produce the documents

requested in the Subpoena served on August 7, 2020; and it is further

      **ORDERED** that the California Franchise Tax Board shall be sanctioned in an amount to

be determined at a separate hearing; and it is further

      **ORDERED** that the Alleged Debtor shall be awarded his attorneys' fees and costs, the

amount to be determined at a separate hearing; and it is further

      **ORDERED** that this Court shall retain jurisdiction over all matters arising from or related

to implementation or interpretation of this Order.

      Dated: October 26, 2020.

Respectfully Submitted,

/s/Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Schwartz Law, PLLC
601 E. Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
*Attorneys for the Alleged Debtor*

2

## SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

____ The court has waived the requirement set forth in LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

APPROVED:

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
SCHWARTZ LAW, PLLC
601 E. Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
saschwartz@nvfirm.com
*Attorneys for the Alleged Debtor*

### ###